.THE STATE      *Per Curiam.*—The judgment is reversed with costs.
v.        Cause remanded, &c.
WILLIAMS.
                J. G. *Walpole*, for the plaintiffs.

                H. *Cooper*, for the defendant.

---

THE STATE *v.* WILLIAMS.

An indictment for receiving usurious interest upon a note, did not allege
the place where the note was made. . *Held*, on motion to quash, that the
omission was fatal.

Where any positive fact is averred in an indictment, it should be stated to
have been done "*then and there*," after the county has been clearly ex-
pressed in the body of the indictment; and the allegation of time and
place, "then and there," should be repeated to every material fact which
is issuable and triable.

Monday,         ERROR to the *Crawford* Circuit Court.
June 6.
                DAVISON, J.—Indictment for usury.   The indictment al-
leges that the grand jurors of the state, &c., impannelled,
&c., to inquire for the body of the county of *Crawford*,
&c., present that *John Williams*, late of said county, on
the 6th of *March*, 1849, *did receive of Martin Hoskins* a
note of hand executed by said *Hoskins*, whereby he pro-
mised to pay to the said *Williams* 26 dollars and 40 cents
one day after date; and that on the 27th of *March*, 1851,
the said *Williams* did receive of said *Hoskins*, in payment of
said note and the interest due thereon, in property and work
and labor, the sum of 30 dollars and 50 cents; and there-
in, on the day and year last aforesaid, at and in the
county aforesaid, did unlawfully and usuriously take and
receive of said *Hoskins*, in property and work and labor,
the sum of 4 dollars and 10 cents, in payment of the in-

terest due and owing, &c., by virtue of said note, that
sum being more than 6 per cent. per annum, to-wit, 84
cents more than lawful interest, &c.

*May Term, 1853.*

The Court, on the defendant's motion, quashed the indictment.

There is a fatal defect in this indictment. It does not allege the place where the note was made. The rule is, "where any positive fact is averred, it should be stated to have been done '*then and there*,' after the county has been clearly expressed in the body of the indictment; and the allegation of time and place, 'then and there,' should be repeated to every material fact which is issuable and triable." 1 Chitty's Crim. Law, 198.

It seems to us that the place where the note was made was a positive fact, issuable and triable, which the state was bound to show. Whether the sum taken as interest was or was not usurious, might depend on the *lex loci* where the contract was executed; and it follows that this indictment does not contain all the facts requisite to constitute the offence.

The motion to quash was, therefore, correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*A. L. Robinson* and *D. S. Gooding*, for the state.