No. 13,813.

## MARKS *v.* ORTH, EXECUTRIX.

EVIDENCE.—*Entries.*—*Absence of.*—*Proof of.*—In a suit on a promissory note, which the plaintiff claimed to have taken up, after it had been discounted by a bank, it is competent to show by the cashier that the bank kept a book in which an entry was made of all notes discounted, and that said book contained no entry of the discount of the note in controversy. It is not an attempt to prove that entries were made, but to show the reverse of it, that no entry was made.

SAME.—*Refreshing the Memory.*—*Source of Information*—Where a witness states that he testifies partly from memory, and partly from some other source, such testimony can not be stricken out because the source from which the witness refreshed his memory did not appear, opposing counsel having an opportunity to inquire into the source of the information, and the fact not being developed that the source was improper.

SAME.—*Unauthenticated Public Document.*—*Inadmissibility of.*—A document purporting to be a printed copy of a report of a congressional sub-committee, which is not authenticated, and not certified to by any officer, and not even identified by the Journal of the House, and does not purport to be incorporated in, or to be a part of, the authenticated Journal, and which is not even a document required to be made, or a record required to be kept, by the House of Representatives, is not admissible in evidence.

From the Tippecanoe Circuit Court.

*B. W. Langdon* and *T. F. Gaylord*, for appellant.

*W. D. Wallace*, *S. P. Baird* and *F. W. Chase*, for appellee.

OLDS, J.—The appellant filed his claim against the appellee on five causes of action. The first, second, and fifth were paid before the cause came on for trial, and trial was had on the third and fourth causes. The third cause of action is upon a promissory note dated October 14th, 1869, executed by the decedent and Godlove O. Behm, payable as follows:

"Sixty days after date, we promise to pay to the order of

John C. Brockenborough, cashier, at the National State Bank of Lafayette." The note was for $250, with ten per cent. interest after maturity, and a conditional promise to pay attorney's fees if suit be instituted, signed as follows by Behm first, and then by the decedent:

" GODLOVE O. BEHM.

" GODLOVE S. ORTH, Security."

The fourth cause of action was on an account for one-fourth of the sum of money, with interest, laid out and expended by appellant in reference to an investment by the decedent, appellant, and two others, in Venezuela certificates.

There was a trial, resulting in a verdict and judgment for the appellant on the fourth cause of action, the account, and against the appellant on the third cause of action, the note.

There are several errors assigned and discussed. The first error discussed is the overruling of an objection to a question propounded to John C. Brockenborough. It was contended by appellant that the note in question was discounted by the National State Bank, of which said witness was cashier and payee, named in the note, and then taken up by the appellant from the bank at the request of the decedent and held by the appellant, and there was some evidence introduced tending to show that state of facts. When the appellee put the witness, John C. Brockenborough, on the witness stand, and proved by him the method of doing business by the bank, and that an entry was made of all notes discounted in a certain book on the day the note was discounted, he then asked the witness the following question: " State whether or not there was an entry made upon that day in that book in reference to the discounting of the note that I now place in your hands." To which question the appellant objected, because the evidence sought to be elicited would not show that that note was not discounted; that it was secondary evidence. It is not contended but that the note placed in the hands of the witness was the note sued

upon, and that the date referred to was the date it was claimed to have been discounted. It is contended that the evidence is not competent, on the theory that entries of third persons called to testify are not admissible until it is shown in advance that the enterer has no memory of the fact underlying the entry.

It became an important fact in this case to determine whether the note had been discounted by the bank, by which the bank became the owner and then passed the same to the appellant. The note was not endorsed, and to controvert the fact that the note had ever been discounted by the bank, it was shown that the bank kept a record of all notes discounted by it, and that no entry of that kind was made of discounting this note, as a circumstance tending to show that the note never was discounted by the bank. This would have been proper evidence to have corroborated Brockenborough if he had sworn of his own knowledge that the note had never been discounted at the bank; it is not seeking to prove entries made, but to show the reverse of it, that no entry was made. There was no error in overruling the objection.

The next error discussed is the overruling of a motion to strike out the answer of the defendant's witness, H. A. Orth, to the following question :

"What day of the month did they commence the investigation?" (Meaning the Paraguayan Investigation.) The answer being, "the 21st of October."

Appellant's attorney then asked the witness the following question, to which he answered :

"Are you stating this from your own knowledge?" and he answered : "I am stating it from my own knowledge, having refreshed my memory; I know that he was there about that time. Q. You state part of it from memory and part from some other source? Ans. Yes, sir."

Thereupon the appellant moved to strike out the testimony,

",because it is not all from his memory, and the source of his refreshment to his memory does not appear."

We do not think there was error in overruling the motion to strike out the answer. We think the fair import of the testimony, as shown by these questions and answers, to which we are cited by counsel in his brief, is that the witness, having refreshed his memory, testified of his own knowledge as to the date of the commencement of the investigation, and counsel had an opportunity to inquire into the source of the witness's information, and until he did make such inquiry, and developed the fact that the source of information was improper, or counsel had been denied the privilege of inquiring into the source of information, he could not insist on the evidence being struck out because the source from which the witness refreshed his memory did not appear. We do not think the objection made to the testimony was well taken in the motion to strike it out.

The next alleged error is the admission in evidence of a part of a document which purports to be " The report of the Paraguayan Investigation."

Appellee contended that the decedent was absent from the city of Lafayette, and in the cities of Washington and New York at the time the note matured and when it was claimed the decedent had talked with Behm at his office in the city of Lafayette about its payment, and directed him to induce the appellant to take up the note and hold it against him, the said decedent, and for the purpose of showing the whereabouts of the decedent, and his absence from Lafayette, appellee offered in evidence what purported to be the report of the Paraguayan Investigation, of which Mr. Orth, the decedent, was a member, showing that Mr. Orth was present with the said committee at its sittings, and participating in the investigation.

The document, as it appears in the record, is in book form, unbound, containing 314 pages. The only proof or iden-

tification of it is what appears in the book itself, upon the first page; it is entitled as follows:

" 41st Congress. }     House of     { Report
" 2d Session.    }     Representatives.    { No. 65.

" Paraguayan Investigation.

" May 5, 1876.

" Ordered to be printed and recommitted to the committee on Foreign Affairs.

" Mr. Orth, from the committee on Foreign Affairs, made the following

" Report."

The question is presented as to the admissibility of this document, pamphlet or book in evidence. It purports to be a printed copy of a report of a sub-committee of the House of Representatives, but it is in no way authenticated. It is not certified to by any officer. It is not identified by any testimony. It is not even identified by the Journal of the House, nor does it purport to be incorporated in, or a part of, the authenticated Journal. We are not cited by counsel to any authority holding such a document as this, coming to the court in the manner this is presented, as competent evidence. It is not even a publication required to be made, or a record required to be kept by the House of Representatives. It is not such a document as is entitled to admission. And under no rule of law is it admissible, and the court erred in admitting it in evidence. Wharton Ev., sections 637–8; *Fitler* v. *Shotwell*, 7 W. & S. (Pa.) 14; *Brown* v. *Hicks*, 1 Pike (Ark.), 232; *Haile* v. *Palmer*, 5 Mo. 403.

For this error the judgment must be reversed. The other questions presented may not arise on a re-trial of the cause, and it is unnecessary to consider them.

Judgment reversed, at costs of appellee.

Filed Nov. 6, 1889.