## PRITCHETT v. STATE OF INDIANA.

[No. 24,574.    Filed November 20, 1924.]

1. CRIMINAL LAW.—*Arrest of Judgment.—Previous Arrest and Bond for Appearance.*—A motion in arrest of judgment on the ground of having been previously arrested for the same offense is not sustained by allegations in the motion, that defendant had been arrested and tried in a city court for the same offense, and held to the grand jury under bond, which bond had not yet expired, where the record shows only that some one of the same name had been arrested and tried in city court for another offense, which transcript had never been made a part of the record in the present case.    p. 408.

2. CRIMINAL LAW.—*Arrest.—Second Arrest While Under Bond for Appearance.*—Appellant's objection to a second arrest, trial and conviction while under bond for appearance to the grand jury, even if proved by the record to have been for the same offense, could be waived, and was waived by submission to arrest in the circuit court, giving bond, pleading, standing trial and asking for a new trial, all without raising any question as to the proceedings.    p. 408.

3. CRIMINAL LAW.—*New Trial.—Assignments Must be Specific.*—A specification for a new trial that the court erred in not compelling a witness to answer questions propounded by defendant's counsel is too indefinite and uncertain to direct the court's attention to any specific ruling and raises no question.    p. 409.

4. WITNESSES.—*Cross-Examination.—Extent in Discretion of Court.*—The cross examination of a witness is largely in the discretion of the court, and the court did not abuse its discretion in permitting a character witness to tell the sources of his information.    p. 409.

5. CRIMINAL LAW.—*New Trial.*—*Summoning Additional Panel for Jury.*—The refusal of the court to order a special *venire* from the jury box at the request of the defendant is not reversible error where it does not appear that his substantial rights were affected, since that determination is left to the sound legal discretion of the court. p. 410.

6. CRIMINAL LAW.—*Verdict.*—*Right to Have Jury Polled.*—*Waiver.*—If the defendant fails to exercise his right to have the jury polled before their discharge after bringing in a verdict, such failure is a waiver thereof, and he cannot on appeal assert that the verdict was not unanimous. p. 410.

From Vanderburgh Circuit Court; *J. W. Sappenfield,* Special Judge.

Orville Pritchett was convicted of attempted rape, and he appeals. *Affirmed.*

*Benjamin F. Zieg* and *William McClain,* for appellant.

*U. S. Lesh,* Attorney-General, and *Owen S. Boling,* for the State.

GAUSE, J.—Appellant was prosecuted in the court below upon an affidavit charging him with the crime defined by the statute as "attempted rape" (§2250 Burns' Supp. 1921, Acts 1921 p. 373) ; that is, with perpetrating an assault and battery upon a named female person, with the intent to have carnal knowledge of such female. Upon his arraignment appellant pleaded not guilty.

Before his trial appellant filed a motion asking the court to order the clerk to draw a special venire of thirty jurors from the jury box, stating therein as his reason for such motion, that "there will be twenty peremptory challenges in said cause."

The court overruled this motion but ordered the sheriff of said county to summon the petit jury and fifteen extra jurors.

Appellant then filed a motion asking the court to require the clerk to draw fifteen names from the jury

box to fill said panel, instead of permitting the sheriff to summon other than the regular panel. This motion was overruled.

Upon a trial the jury returned a verdict of guilty, "as charged in the affidavit and that he is twenty-five years of age."

Appellant filed his motion for a new trial, which was overruled.

The causes set out in the motion for a new trial, and which are shown in appellant's brief, were in substance the following (*the numbering of said causes being ours*) :    (1) The action of the court in refusing to order a special venire drawn from the jury box and in ordering the sheriff to summon extra jurors.    (2) That the verdict returned was not the unanimous verdict of the jury.

With this specification appellant filed affidavits of himself, his mother, sister, brother and one of his attorneys, in which affidavits it is alleged that when the jury returned its verdict into court the presiding judge, in the presence of appellant, asked the jury collectively, if that was their verdict, and that the mother, brother and sister observed that some of the jurors "nodded their heads yes and some nodded their heads no."

That appellant, and his attorney who was in court at the time, did not see said action of the jury. That the jury was thereupon discharged and appellant and said attorney did not learn of such facts until after said discharge of the jury.    (3) The last specification in the motion for a new trial is stated therein as follows: "That the court erred as to the rulings of the law of the trial which was excepted to by the defendant and which are as follows:    A.    That the court erred in not compelling the State witness, Herbert Sullivan, to answer questions propounded by the defendant's counsel. B.    That the court erred in refusing to strike the testi-

mony of the State witness, Herbert Sullivan, from the record, on his refusal to answer questions propounded by the defendant's counsel."

After the motion for a new trial was overruled, appellant filed his motion asking that the judgment be arrested.

The substance of this motion in arrest of judgment was that the appellant had been arrested and tried in the city court of Evansville, on an affidavit (the charge contained in said affidavit not being stated), and that after the hearing of said cause the judge of said court ordered him held under bond to appear at the next term of the Vanderburgh Circuit Court. That before the next term of said court the affidavit upon which this prosecution is based was filed, and he was arrested and compelled to give another bond for his appearance. On this account he claims that the court was without jurisdiction in the latter case.

Also that there was not a unanimous verdict of the jury returned against him.

The above motion was overruled.

The court rendered judgment upon the verdict and adjudged that he be fined $100 and sentenced to the Indiana Reformatory for not less than five nor more than twenty-one years.

Appellant insists that he had been arrested and a preliminary hearing had in the city court of Evansville, and in that action he was bound over to the circuit court, to await the action of the grand jury at the next term thereof, and that he gave bond to appear at said next term. That before the beginning of said next term he was arrested upon an affidavit filed in the circuit court charging him with the same offense.

He claims that this action was unwarranted and that the circuit court had no jurisdiction to hear and de-

termine the case at bar, which is predicated upon the affidavit filed in the circuit court.

There is nothing in the record in the present case to show the facts as claimed by appellant in his brief. True, there is a recital by the clerk, attached to

1. the record in the instant case, showing that prior to the filing of the affidavit in this case there had been filed with such clerk a transcript which purports to be a transcript from the city court, showing that a person of the same name as appellant had been tried upon an affidavit charging him with the crime of *assault* upon the same prosecuting witness, with intent to commit a felony, the felony being rape. This alleged record was not filed in the present case and no attempt was ever made to incorporate it in the record in this case.

Furthermore, the alleged transcript from the city court shows that the defendant in that case was charged with the crime of assault with intent to commit a felony, as defined by §2240 Burns 1914, while the charge in the instant case is that of attempted rape, as defined by §2250 Burns' Supp. 1921, *supra,* the two crimes being separate, defined by separate statutes and the punishment being materially different.

Appellant takes the position that since he had given bond for his appearance at the next term, he could not be required to appear to said charge before that

2. time. Even if the record showed the facts to be as appellant claims, if he objected to being arrested and being required to give a new recognizance before the time fixed for his appearance in the first one, he should have made his objection known. If appellant could not be required to answer such a charge before the time fixed in the recognizance in the city court, yet this was a privilege he could readily waive.

In this case appellant submitted to arrest in the cir-

cuit court, gave bond for his appearance, pleaded not guilty, was tried and convicted, asked for a new trial, which was refused, and not until after this did he attempt to raise any question about the proceedings being instituted prematurely.

The circuit court had jurisdiction of cases of this class and the statute expressly authorizes a prosecution by affidavit at the term to which the recognizance runs, when the grand jury is not in session, as in other cases.

If the record showed the facts to be as appellant contends, he waived any objection he might have had to appearing before the time fixed in said recognizance.

The next point suggested by appellant and discussed in his brief is that the court erred in not requiring the witness Herbert Sullivan to answer certain

3. questions on cross-examination. The specific assignment in his motion for a new trial is, "That the court erred in not compelling the State witness Herbert Sullivan, to answer questions propounded by the defendant's counsel."

This specification is too indefinite and uncertain to direct the court's attention to any specific ruling of the court and raises no question. *Conrad* v. *Hansen* (1908), 171 Ind. 43, and cases cited.

Another point urged by appellant is that the court erred in refusing to strike out the testimony of the witness Herbert Sullivan, a police officer. This

4. witness had testified, on behalf of the State, that the reputation of appellant for morality was bad. On cross-examination he was asked how he knew that and he answered that he knew it by hearsay. He further answered that the neighbors told him. He at first refused to tell who they were, stating that complaints had been made to him as a police officer, which were made in confidence, but finally gave the name of one family that had made complaints.

Although it was proper to inquire as to the source of the witness's information in this regard, yet, since the extent of a cross-examination is largely in the discretion of the trial court, and in view of the extent to which it was permitted in this case, we cannot say that the court abused its discretion, so as to compel a reversal.

As to appellant's objection that the court refused to order a special venire drawn from the jury box and ordered the sheriff to summon fifteen persons in addition to the regular panel, it does not appear from the record that any jurors, other than the regular panel, were summoned or attended, nor that appellant exercised any of his peremptory challenges. From aught that appears he was tried by the regular panel for the term.

5.

It not appearing that the substantial rights of appellant were affected by the action complained of, he cannot claim reversal. *Thain* v. *State* (1914), 182 Ind. 345.

Furthermore, the determination as to whether there shall be a special venire drawn or talesmen summoned by the sheriff is a matter left to the sound legal discretion of the court. §§557, 1669, 2098, 2103 Burns 1914, §§532, 1388 R. S. 1881, Acts 1905 p. 584. *Harlan* v. *State* (1921), 190 Ind. 322, 130 N. E. 413.

As to appellant's contention that the verdict returned was not the unanimous verdict of the jury, the record on this point is as follows: "The jury, after due deliberation returns into open court the following verdict, to wit: (Here is inserted the verdict), and the court now asks all of the jurors whether their verdict is their verdict, to which all the jurors assent and no juror dissents from said verdict."

6.

The appellant had the right, under the statute (§2142 Burns 1914, Acts 1905 p. 584), to have the jury polled. This right is given him so that it may be ascer-

tained whether the verdict returned is assented to by all the jurors. A failure to exercise this right before the jury is discharged is deemed a waiver of such privilege. *Short* v. *State* (1878), 63 Ind. 376.

Appellant having failed to poll the jury, and the record showing that the verdict was duly returned, he cannot afterwards contradict the record in this regard.

Finding no reversible error in the record, the judgment is affirmed.