GAMMACK *v*. STATE OF INDIANA.

[No. 26,605. Filed February 11, 1937.]

Harry Taylor, Clifford V. Du Comb, A. Noel Du Comb and William A. Cain, for appellant.

Philip Lutz, Jr., Attorney-General, and Caleb J. Lindsey, Assistant Attorney-General, for the State.

ROLL, J.—Appellant was charged by a grand jury indictment with the crime of abortion under §10-105 Burns' Ind. St. 1933, §2428 Baldwin's 1934. Appellant filed a motion to quash for the reasons: (1) That the facts stated in the indictment do not constitute a public offense; and (2) that the indictment does not state the offense with sufficient certainty. This motion was overruled with exceptions. Appellant entered a plea of not guilty, a trial was had by a jury, a verdict of guilty was returned. Appellant filed a motion in arrest of judgment for the same reasons stated in his motion to quash, which was overruled. A motion for a new trial was filed and overruled. Judgment was entered on the verdict, from which appellant prosecutes this appeal, and assigns as error: (1) the overruling of his motion to quash; (2) the overruling of his motion in arrest of judgment; and (3) the overruling of his motion for a new trial.

We will first discuss the sufficiency of the indictment. The indictment, omitting the formal parts, is as follows:

"The Grand Jury of the County of St. Joseph, upon their oaths, do present that on or about the — day of November, 1934, A. D., at the County of St. Joseph, in the State of Indiana, one Alexander P. Gammack did then and there feloniously, unlawfully and wilfully employ and use in the body and womb of one Leocadia Leona Borges, a pregnant woman, as the said Alexander P. Gammack then and there well knew, a certain instrument called a catheter, with the intent then and there and thereby to produce and cause the miscarriage of the said Leocadia Leona Borges, it not being necessary to cause said miscarriage to preserve life of the said Leocadia Borges, in consequence of which the said Leocadia Leona Borges, then and there miscarried, languished until the — day of November, 1934, A. D., and died in the County of St. Joseph, State of Indiana, contrary to the form of the Statutes in such cases made and provided and against the peace and dignity of the State of Indiana."

Appellant attacks the indictment herein because it does not use the expression "then and there" or other apt words, in connection with the phrase "it not being necessary to cause said miscarriage to preserve the life of the said Leocadia Leona Borges." It is not clear from appellant's points under this proposition the exact defect in the indictment he has in mind. From the authorities he cites we conclude the defect is in the failure to allege that at the time the attempted abortion was committed, it was not necessary to preserve the life of the decedent. One of the cases cited in support of this proposition is *State* v. *Williams* (1853), 4 Ind. 234. The indictment in that case was for usury, but the indictment nowhere alleged the time or place the note in question was executed. The court held that (p. 235):

"Whether the sum taken as interest was or was not usurious, might depend on the *lex loci* where the contract was executed; and it follows that this indictment does not contain all the facts requisite to constitute the offense."

There seems to be nothing in this case that supports appellant's contention. The indictment clearly alleges the time and place of the commission of the alleged offense. The language in the indictment follows the language of the statute and that is generally sufficient. Almost the identical language was used in the indictment in the case of *Holland* v. *State* (1891), 131 Ind. 568, 31 N. E. 359, and there held sufficient. There is no substance in appellant's objection. We think the indictment sufficient. What we have said with reference to appellant's motion to quash disposes of his motion in arrest of judgment.

The first proposition discussed by appellant in his brief relates to the refusal of the court to strike out the answer of one of the state's witnesses. The question nor the answer is nowhere set out in appellant's brief. He nowhere gives the court sufficient knowledge as to what the question was nor what the answer was so we could discuss the question with any degree of certainty. Causes for a new trial must be assigned with clearness, certainty, and particularity. *Pritchett* v. *State* (1924), 195 Ind. 404, 145 N. E. 488.

Appellant's second reason assigned in his motion for a new trial is based upon the admission in evidence of State's exhibit No. 1, being the dying declaration of Leona Borges. Appellant contends that the *corpus delicti* had not been proven at the time the exhibit was offered and received in evidence. The *corpus delicti* in the case at bar was the unlawful procurement of a miscarriage, §10-105 Burns' Ind. St. 1933, §2428 Baldwin's 1934; *Traylor* v. *State* (1885), 101 Ind. 65; *Hauk* v. *State* (1897), 148 Ind. 238, 46 N. E. 127, 47 N. E. 465, and this fact may be shown by either direct or circumstantial evidence. Without setting out the evidence on this point we may say that we have read the evidence carefully and find that the evidence was abundantly sufficient to justify the trial court in admitting the dec-

laration in evidence. The competence of this evidence was a question for the trial court to be determined by proof relative to the declarant's state of mind at the time it was made. *Williams* v. *State* (1907), 168 Ind. 87, 91, 79 N. E. 1079; *Watson* v. *State* (1878), 63 Ind. 548. The evidence shows that the declaration was made on the day of her death. That she was told by her attending physician on that day, and before she died, that she was going to die and that, at the time death was progressing, and was imminent, and that the declarant herself stated that she knew she was dying. Others, who were present testified in substance the same. The court very properly admitted State's Exhibit No. 1.

Appellant assigns in his motion for a new trial the alleged misconduct of the prosecuting attorney during the examination of a witness. It appears that the prosecuting attorney was interrogating a witness concerning the contents of a certain postcard, supposedly in the possession of the defendant. Objections were interposed for the reason no notice had been served upon the defendant to produce the postcard in court. The objections were sustained, whereupon the prosecuting attorney made the statement which forms the basis of this alleged error. The statement made by the prosecuting attorney is as follows:

> "If the court please, the State now serves notice in open court upon the defendant that unless he produces this post card that was shown to Mr. Borges on October 22, 1934, that he will introduce evidence of its contents."

Appellant requested the court to instruct the jury to disregard remarks of counsel, which the court very promptly did. The court fully explained to the jury that this was purely a legal procedure and a matter of law for the court, and that the remarks were made by the attorney to the court and for them to disregard such remarks. Even should the remarks be considered im-

proper, the instructions of the court at the time rendered the misconduct harmless. *Pollard* v. *State* (1929), 201 Ind. 180, 166 N. E. 654, and cases there cited.

Appellant took exceptions to the giving of instruction No. 10, given by the court and tendered by the state. This instruction reads as follows:

"In the progress of this case there has been a number of questions put and answered which are known as hypothetical questions, that is, where witnesses were permitted to give their opinions upon a state of facts assumed to be true in the questions. The value of such opinions depends upon the question as to whether the facts assumed in the question have been shown by the other evidence to be true, and it is for you to determine, whether from the evidence beyond a reasonable doubt, such assumed facts have been proven."

This instruction is very awkwardly drawn, and it is difficult to determine what rule of law the court intended to convey to the jury by this instruction. The appellant construes the instruction to say, in effect, that the facts enumerated in the hypothetical questions must be proven beyond a reasonable doubt. If this is the proper construction to be given the instruction, it is clearly erroneous. The facts incorporated in the hypothetical question should include only such facts as are established by the evidence in the case, and if the question includes facts other than those shown by the evidence, the question is objectionable. But the question would not be objectionable upon the ground that all of the facts incorporated therein have not been proven beyond a reasonable doubt. Only the ultimate fact of the guilt of the accused need be established by the evidence beyond a reasonable doubt. This question was fully discussed in the case of *Witt* v. *State* (1933), 205 Ind. 499, 185 N. E. 645. If the instruction here in question means to say that the jury must find beyond a reasonable doubt that each fact incorporated in the hypothetical

question has been proven, the instruction was equally erroneous. The jury may determine that the evidence introduced was sufficient to prove such fact, by a preponderance, but if they are required to find beyond a reasonable doubt that such facts have been proven, not merely that evidence of the fact was introduced, they would in such case be precluded from considering such facts in determining the value of the answers given by the expert witnesses. We think the phrase, "beyond a reasonable doubt," has no legitimate place in an instruction of this character. Since the case here under consideration involved the answers to many hypothetical questions that apparently were of importance, the giving of the above erroneous instruction necessitates a reversal of the judgment.

Other questions presented and discussed by appellant in his brief will probably not arise on a retrial, and therefore we need not discuss them in this opinion.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.