SHNEIDER v. STATE OF INDIANA

[No. 27,621. Filed March 23, 1942. Rehearing denied April 20, 1942.]

*Crumpacker & Friedrich* and *Bernard A. Petrie,* all of Hammond, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, and *Robert E. Agnew,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant was convicted in a prosecution for filing a false claim against the township. Several alleged errors are presented in connection with the overruling of his motion for a new trial.

The prosecuting attorney, in the presence of the jury, referred to a notice served on the defendant to produce certain work sheets and records. The defendant objected and moved to set aside the submission upon the ground that the ·demand for the records amounted to a demand that the defendant take the stand and testify, which is an invasion of his constitutional rights not to be required to furnish evidence against himself. The court immediately admonished the jury that the statement by the prosecuting attorney should not have been made, and was entirely improper, and that it was to wholly disregard the statement and not to consider it in any manner. The motion to withdraw the submission was then overruled. It must be assumed that the jury was governed in its consideration of the case by the admonition of

the presiding judge, and that the appellant's rights were not jeopardized. *Neal et al.* v. *State* (1938), 214 Ind. 328, 14 N. E. (2d) 590, 15 N. E. (2d) 950; *Gammack* v. *State* (1937), 211 Ind. 208, 6 N. E. (2d) 328; *Pollard* v. *State* (1929), 201 Ind. 180, 166 N. E. 654.

The court admitted in evidence a subpoena for the defendant, issued by the State Board of Accounts, directing the defendant to appear and produce certain records before that board. The defendant objected to the admission of the evidence. Witnesses testified that the defendant did produce the records called for by the subpoena and that they were examined by the State Board of Accounts. It cannot be seen that the admission of the subpoena in any way prejudiced the defendant's substantial rights. It is contended that the introduction of the subpoena was a further demand that the defendant produce documentary evidence against himself. But the defendant had already produced the documentary evidence and delivered it to the State Board of Accounts, so that he had already waived his constitutional privilege in this respect.

Evidence of other claims alleged to be false was admitted. When evidence has been introduced from which the jury might conclude that the act, which is the basis of the crime, has been committed by the defendant, evidence of other similar transactions is competent to prove motive or criminal intent, and it is not necessarily reversible error to admit such evidence of other transactions before the preliminary proof has been made, since the order of proof is within the discretion of the trial judge, and the admission of evidence out of order is harmless if the preliminary proof is afterward made. The other acts, generally referred to as other offenses, need not

be a part of the transaction charged. It is sufficient if they are of such a character that they tend to prove criminal intent in the principal transaction. It is argued that the other false claims, concerning which evidence was introduced, were too remote in point of time. There is some controversy as to the correct date of one of the transactions, but all seem to have been within a year of the principal transaction, and all relate to claims filed against the same township, based upon transactions similar to the one charged in the indictment. There was some evidence at least that the claims were false. There seems to be little room for doubt that the filing of other false claims of the same general character, against the same township, within a year, is entitled to go to the jury for its consideration in determining whether the false claim which is the basis of the action was filed with criminal intent or by mere mistake or inadvertence. The trial court must have thought they were pertinent or they would not have been admitted. We see no abuse of discretion. The jury was fully instructed as to the purpose for which these other claims were admitted; that they were to be considered only upon the question of guilty knowledge or intent; and that they were not to be considered unless the jury first found beyond a reasonable doubt that the defendant made out the claim which was the basis of the prosecution, certified it to be correct, and presented it for payment; that it was in fact false, and known by the defendant to be false, at the time. The latter clause is erroneous, since the jury was entitled to consider the other false claims in determining whether the defendant knew that the claim in question was false.

The appellant complains of the admission of several

exhibits. These were W. P. A. records, known as form
1086. There was testimony that this form was
called "Material Inventory and Cutting Record";
that: "The purpose of this form was to deter-
mine and have knowledge of the number of yards of
material that were on hand at the beginning of the
period and the quantity received during the period and
used during the period, and then to show the balance
on hand at the end of the period. It was a perpetual
inventory record." Appellant's objection is that this
was a secondary and not primary evidence; that there
was a record, form 710, showing the inventory of the
project, which was the best evidence. The evidence
is that form 710 was entitled "Sponsor's Contribu-
tions," and was a record of the contributions furnished
by particular sponsors. Both were regular records kept
in the W. P. A. project offices. Appellant argues that:
". . . form W. P. A. 710 was the inventory form made
at the time. An inventory would be the best evidence
of the amount of goods received and on hand at stated
intervals." But the evidence is that form 1086 was the
inventory form. It was also objected that form 1086
is not an original record, since it is made up from
memoranda showing particular transactions. It must
be borne in mind, however, that the State's purpose was
to prove a negative. It did not purpose to prove that
a certain transaction did take place by the record of
that transaction. On the contrary, it sought to prove
that the goods for which the claim was filed were not
delivered; that there was no such transaction. If the
appellant's contention that the inventory is the best
evidence be conceded, then the best evidence seems to
have been produced. Form 710, which appellant con-
tends was the best evidence because it was an inventory,
seems to have been a record of material contributed

by each sponsor of a project. As we understand it, the record disclosed by form 1086 was introduced to show that no such quantity of material as was involved in the appellant's claim was ever on hand or in the inventory. We know of no rule of law that would make the one record better evidence than the other. Appellant complains that the records were not original entries. But they were the original inventory entries. The exhibits were part of the records of the Works Progress Administration, a federal governmental agency. In each case the supervisor in charge identified the exhibit as having been made under her supervision, and signed by her in the regular course of business. These exhibits tended to show, by indicating the amount of goods on hand, that the goods for which the claim was filed were not delivered. The witnesses could not be expected to remember, without records, the amount of goods on hand at each interval; and to permit them to examine the records and then testify directly would be a mere subterfuge, since it is quite obvious that their testimony would be a mere recital of the contents of the records. It would seem that these documents are public records, necessarily kept in the conduct of the public business, and as such they were admissible. *Chesapeake & Delaware Canal Co. v. United States* (1919), 250 U. S. 123, and authorities cited. But, even if they be considered private records, made in the ordinary course of business, they were admissible. *Marks* v. *Orth, Executrix* (1889), 121 Ind. 10, 22 N. E. 668.

The State was permitted to interrogate the defendant concerning certain statements that he had made to the effect that he had stored the goods for which the claim was filed in a warehouse upon direction of the township trustee. The questions seemed

to have been intended as a basis for impeachment. The appellant contends that the questions involve collateral matter, and that it was error to require them to be answered. It was not collateral. It went directly to the question of the delivery of the merchandise for which the claim was filed.

■ It was not error to permit the cross-examination of the township trustee with respect to other transactions with the defendant.

An investigator for the State Board of Accounts, who had checked defendant's records and the public records, was permitted to testify that he found ■ nothing showing a delivery of any part of the goods involved in the claim. It is contended that this question called for an ultimate fact, a conclusion, which was for the determination of the jury. But, from an examination of the testimony of the witness, it seems clear that the question referred to the records he had examined, and that the jury understood his answer to mean that he found no delivery ticket or other record of delivery. Delivery was the ultimate fact. It was not error to permit him to testify that he found no record of delivery.

We have already disposed of the questions relied upon to sustain the contention that the verdict is not sustained by sufficient evidence.

We find no error.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 322.