This was a proceeding by affidavit against Newton Green, the appellant, and Howard Phillips charging robbery in Marion County, Indiana. The appellant entered a plea of not guilty to the charge and after trial separately he was found guilty as charged. The overruling of the motion for a new trial is the error relied on in this appeal.
The alleged errors can be placed in four classes. The first refers to the failure of the court to permit experiments in court to test the memory and ability of a witness to pick out the defendant by appearance and by voice; the second involves two instances wherein it is claimed that the deputy prosecuting attorney made statements that were so harmful that the motion to withdraw the submission should have been sustained; the third concerns newly discovered evidence; and the fourth questions the refusal of the court to permit a police officer to testify as to the criminal record of Howard Phillips, a witness for the State, and one of the persons named as committing the charged robbery.
In the first class of claimed error, the defense attorney brought five men into the courtroom dressed in overcoats, caps and masks, and had them take their stand *Page 618 
in front of the court. He then asked the following question, to which answer as set out was given:
"Q. Here are five masked men. I will ask you Mr. Johnson to pick out the defendant, in, say, thirty seconds?
"A. They didn't look like that anyway."
Thereupon objection to such procedure in the court was made by the deputy prosecuting attorney and the following took place:
"THE WITNESS: It is pretty hard to test it when you can't see the man.
"MR. REILEY: Pick out this man in thirty seconds, Mr. Johnson.
"MR. RABB: Your Honor, there is an objection before the Court.
"THE WITNESS: Take the masks off and I will pick them out for you.
"THE COURT: Under the objection, I don't think this is proper evidence."
Experiments which are permitted in a courtroom must be such as to aid the court and jury and not such as may merely confuse the minds of the jury on any issue. Furthermore, a matter of 1, 2. this kind is addressed to the sound discretion of the court, and unless an abuse of that discretion is shown, we cannot disturb the judgment. The Lake Erie and WesternRailroad Company v. Mugg, Administrator (1892), 132 Ind. 168, 31 N.E. 564; 85 A.L.R. 482; 8 A.L.R. 24.
In referring to this class of evidence this court, in the case of The Lake Erie and Western Railroad Company v. Mugg,Administrator, supra, said (Ind. p. 174, N.E. p. 566.):
"Under some circumstances this class of evidence may be very satisfactory, but unless the experiments *Page 619 
are shown to have been made under essentially the same conditions that existed in the case on trial, the tendency is to confuse and mislead rather than enlighten the jury. Commonwealth v. Piper, 120 Mass. 188; Eidt v. Cutter, 127 Mass. 522; State
v. Justus, 11 Oregon, 178."
In the case at bar, the conditions were not the same, nor were they essentially the same. The demand was that in 30 seconds the witness should pick out the defendant from the five men 3. presented. The witness stated that they were neither dressed nor masked like the robbers, and that he could not pick out the defendant. The court did not commit error in refusing to permit it to go to completion.
Another experiment which would have tested the ability of the witness to recognize the voice of the defendant was attempted, but recognition by voice was not involved in this case, and 4. the witness stated that he could not recognize the defendant as one of the robbers, by his voice. It was an attempt to test the witness under conditions created to the satisfaction of the defense counsel, but in no way approaching the conditions existing at the time of the robbery. This experiment was likewise properly excluded.
The second class of claimed error involves two incidents that occurred in the trial. During the trial, the appellant was complaining that the State had not charged the witness, 5. Howard Phillips, with being an habitual criminal, and a dispute arose on this matter between the defense attorney and the deputy prosecuting attorney. The defense attorney stated that the witness should have been charged as an habitual criminal because of his known record, and the deputy prosecuting attorney stated that the State had the same kind of record on the defendant. This took place in the *Page 620 
presence of the jury, and the defense immediately moved for a withdrawal of the submission because of the statement in regard to the record of the defendant. This motion was overruled, but the court admonished the jury not to consider the statement made by the deputy prosecuting attorney, and we believe that this was sufficient in that it pointed out to the jury that the statement should not have been made and that it was not approved by the court. DeHority v. State (1939), 215 Ind. 390,19 N.E.2d 945.
The other incident took place in argument. The defense, in argument, attempted to give a reason for not calling a "doctor" to testify. In that statement defense counsel stated that 6. the witness could not come because he was so busy ministering to his patients. In answer, the State stated that the reason he did not appear as a witness was shown in the record of the court. Incidents of overreaching happening during a trial do not always require a withdrawal of the submission. The court admonished the jury and we must assume the jury was governed thereby and thus the rights of the defendant were not jeopardized. Shneider v. State (1942), 220 Ind. 28, 40 N.E.2d 322. The court's action was sufficient, and under the circumstances the defense invited the answering remark of the deputy prosecuting attorney.
The third class of claimed error is based on newly discovered evidence. Affidavits were filed to show that two of the State's witnesses admitted some doubt as to the identification of 7-10. defendant. Counter-affidavits were filed by the State which explained the apparent conflict between the statements of the witnesses in court and as stated in the affidavits. These were presented to the court as part of the motion for a new trial. This presented a question of fact for the *Page 621 
decision of the court. The defendant had also been identified and named by his accomplice in the robbery, and the facts presented do not make the rule in the case of Dennis v. The State
(1885), 103 Ind. 142, 2 N.E. 349, applicable, as claimed by the appellant. Furthermore, the Dennis case, supra, was criticized by this court in the recent case of Bolton v. State (1945),ante, p. 308, 60 N.E.2d 742. It is only where it appears that the new evidence is such that it would probably cause a different result if a new trial were given, that the motion is granted on this ground. Gavalis v. State (1922), 192 Ind. 42, 135 N.E. 147. Another compelling reason for declaring that no error is shown because of the refusal of the trial court to grant a new trial on the ground of newly discovered evidence, is that these affidavits and counter-affidavits have not been brought into the record by proper bill of exceptions.
The fourth class questions the refusal of the court to permit a police officer to testify concerning the record of the accomplice, who testified for the State. The offer was 11. refused because it was hearsay and because the method of proof was not proper. All the facts contained in the offer to prove were already in evidence, but even if that were not so, we cannot see how a police officer, over objection, can testify as to convictions in various states and places, when he admits that his information was based solely on what was contained in the police card file, which was secured from various sources, and what he was told by other officers. No offer to prove by certified copies of the judgments was made. The court committed no error in ruling on that question.
No question is raised on the evidence as a whole, and no question is raised on the instructions. The jury *Page 622 
was fully and carefully instructed by the court, and the trial was fairly conducted.
Finding no reversible error, the judgment is affirmed.
Note. — Reported in 63 N.E.2d 292.