**Daniel MORGAN, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1084S408.

Supreme Court of Indiana.

Aug. 18, 1986.

Robert R. Garrett, Appellate Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

1. Ind.Code § 35–42–1–1(2).

DICKSON, Justice.

Defendant Daniel Morgan appeals from his conviction of felony murder[1], and asserts, as the sole issue on appeal, that the trial court erred in the admission of an exhibit and testimony regarding an experiment performed by an investigating police officer.

The defendant testified that when he saw his companion was beating the victim with a steel hockey puck contained in a glove, defendant stopped the attack, grabbed a towel, wet it with water, and placed it on the victim's face to stop the bleeding. A police investigator found a blood-stained towel at the scene.

As a rebuttal witness, the State recalled investigating police officer Klasner. Klasner testified that on the evening preceding his trial testimony, he brought a towel from his residence to the crime lab. Having obtained a small quantity of human blood from a local hospital, the officer conducted an experiment. After making two pools of blood, each containing approximately six drops, the officer dampened one-half of the towel, and then pressed the damp half into one blood pool, and the dry half into the other blood pool. The towel was left to air dry, and then admitted as an exhibit the following day. Officer Klasner did not testify regarding any opinions or conclusions to be drawn from the experiment. Both the blood-stained towel found at the murder scene, and the towel upon which Officer Klasner performed his experiment, were admitted in evidence. From the photograph of the exhibit in the record, it appears that the experimental towel tended to show that the blood stain was more diffused on the wet side. Counsel does not explain, nor can we discern from examination of the photographs in the record, whether the blood-stained towel found at the scene is more similar to the wet or the dry half of the experimental towel.

Defendant contends that the experimental towel was improperly admitted because of the failure to establish Officer Klasner as an expert relating to the subject matter of the test.

This case is somewhat analogous to *Jones v. State* (1973), 260 Ind. 463, 296 N.E.2d 407, upon the issue of an investigating officer testifying regarding certain tests which he had performed. This Court there stated:

> At no time during the direct or cross examination of [Sergeant] Caine was he questioned as to the nature or conclusiveness of these tests. * * * Any weakness in the techniques and methods of testing should be established either by cross-examination or through the employment of one's own expert witness. The appellant followed neither course in this instance.

260 Ind. at 468, 296 N.E.2d at 410.

As supporting authority, defendant cites *Miller v. State* (1968), 250 Ind. 656, 236 N.E.2d 585. In *Miller,* this Court reversed a murder conviction because of erroneously admitted test results. In *Miller,* a crucial factual issue was the defendant's proximity to the decedent at the time a weapon was discharged. In attempting to disprove the defendant's contentions, the State emphasized the absence of powder burns and residue on the victim's clothing at the point of the projectile's entry. The State offered testimony of an expert witness who had conducted tests using a different weapon, to support its contention regarding the necessity of a powder residue if the shot was fired within five feet of the victim. The *Miller* decision rejected the experimental evidence as inconclusive because the murder weapon itself was not used to perform the test, and because of other variables which were not "adequately provided for in the experiment."

The defendant's trial objection was addressed to the admissibility of Officer Klasner's towel exhibit, and was directed to the lack of the witnesses' expertise, but did not claim any absence of similarities between the experiment and the testimony. *Miller* is thus not controlling.

The disputed exhibit was produced as a result of an out-of-court experiment which did not require expertise. It permitted the jurors to apply their everyday experiences and common sense.

As a general rule, the use of experimental evidence may be permitted if such is to aid the jury and not merely to add confusion. These matters are addressed to the sound discretion of the trial court which will not be disturbed unless an abuse of discretion is shown. *Green v. State* (1945), 223 Ind. 614, 63 N.E.2d 292. We find neither abuse of discretion nor substantial resulting harm to defendant.

The trial court is affirmed.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.