POLLARD v. STATE OF INDIANA.

[No. 25,474. Filed May 29, 1929.]

182

*Emerson Bruner, Ed. K. Adams* and *Elmer Bassett*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

GEMMILL, C. J.—In the circuit court, it was charged by indictment that on May 30, 1926, at and in the county of Shelby, State of Indiana, Henry Pollard (appellant) feloniously, purposely and with premeditated malice, killed and murdered one John Edward Thomas, by shooting him with a revolver loaded with gunpowder and metal balls, thereby mortally wounding him, from which mortal wounding, said Thomas died. Defendant was found guilty by a jury of murder in the first degree, and his punishment was fixed at imprisonment in the Indiana State Prison, during his life. Judgment was rendered on the verdict, from which judgment he has appealed.

On appeal, he has assigned as errors the overruling of his motion for a new trial, and four other alleged errors which occurred during the trial. These four assignments cannot be presented as independent errors, but as they were also stated in the motion for a new trial, they will be reviewed under that motion.

At no time during the trial, and at no time during the introduction of evidence, did the defendant offer himself as a witness, take the witness stand or testify. During the argument, an attorney who was assisting the prosecuting attorney in the prosecution and argument, while addressing the jury, as a part of his argument, said in substance: "How is this jury

to know what was going on in the mind of the defendant when he fired the shots at Thomas? The defendant himself is the only person who could tell what was going on in his mind at the time." The defendant, by counsel, objected to this statement on the ground that the attorney was commenting on the fact to the jury that the defendant had not testified, and he moved the court to withdraw from the jury the submission of the cause and to discharge the jury from any further consideration of same. The court overruled this motion, and said to the jury that the statement made by the attorney for the state was improper and should not be considered by them for any purpose, that the fact that the defendant had not testified in his own behalf could not in any manner be referred to or considered by the jury, and that it would not have the right to draw any presumptions against the defendant on account of his failure to testify, and that the court would instruct the jury again upon that subject. The appellant claims that the overruling of his motion was error. It is provided in §2267 Burns 1926 that if the defendant does not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section. Such an instruction was given by the court. In a note to *Jackson v. State* (1903), 45 Fla. 38, 34 So. 243, in 3 Ann. Cas. 164, the following is stated: "The injurious effect of improper comment on the failure of the accused to testify may, according to the weight of authority, be repaired by cautioning the jury to disregard it. . . . The earlier Indiana and Michigan cases took an opposite view. . . . But in both these states the early doctrine has been receded from and the rule adopted as above stated. *Blume* v. *State*, 154 Ind. 343; *People*

v. *Hess*, 85 Mich. 128." Where the court instructs the jury that they must disregard any improper remarks or improper arguments of counsel, the error, if any occurred, ordinarily is cured, and a new trial will not be granted. 2 R. C. L. 436, §35. In Gillette, Criminal Law (2d ed.) §901, it is said that it may be inferred from the authorities that there are but few instances of misconduct in argument which cannot be cured by the action of the lower court in stopping counsel and admonishing him regarding the impropriety of his remarks. In *Blume* v. *State* (1900), 154 Ind. 343, 56 N. E. 771, this court said: "It must be presumed that the jury are men of sense, and that they will obey the admonition of the court when told that they must not permit the reference to the failure of the defendant to testify to influence their minds. In most other instances, when the objection to incompetent testimony, the use of improper language, or other misconduct on the part of counsel, is sustained, and the jury are promptly and sufficiently advised upon the question so presented, it is held that the party injured has obtained all the relief which he can justly claim." The language used, to which objection was made, was very indefinite. And the misconduct was not of such a character as to require the withdrawal from the jury of the submission of the cause and to discharge the jury from any further consideration of same. It appears that when the assisting attorney for the state used the objectionable language, the court did all that was necessary to do. It was not error to overrule the defendant's motion.

Error is claimed because of another statement made in argument by the attorney who assisted the prosecuting attorney, but it is not shown that any objection was made and exception taken to same.

It is also contended by the appellant that there were irregularities in the proceedings of the court at the trial,

in this, that during the closing argument, the prosecuting attorney, while making such argument to the jury, said, in substance: "Gentlemen, you should not convict this man of anything less than murder in the first degree. You should not convict him [referring to the defendant] of the crime of manslaughter. The penalty for that is from two to twenty-one years in the State Prison. That means only two years, as you know that the pardon board turns them out in such cases at the end of two years and that is not enough punishment in this case." To this statement, the defendant immediately objected and excepted. The court did not pass upon such objection and did not admonish the jury in any way as to such statement, but directed the prosecuting attorney to confine his argument to the law and facts as shown by the evidence. This court cannot put its approval on the following part of said statement: "That means only two years, as you know that the pardon board turns them out in such cases at the end of two years." However, the only objection made and exception taken by the appellant were to the statement made in the argument. "The exception taken where opposing counsel use improper argument must be to the ruling of the court on an objection to the use of the argument, and not to the argument. The reason for this rule is that an appellate court does not review the conduct or actions of the counsel in the case, but reviews the rulings, orders and judgment of the trial court," etc. 2 R. C. L. 440, §38. This court has held that an exception cannot be taken to an improper argument made to a jury, but objections should be made and the court requested to give proper instructions to the jury, and, on a refusal of the court to act, exceptions should be taken to such refusal. *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 72 N. E. 589; *Hasper* v. *Weitcamp* (1906), 167 Ind. 371, 79 N. E. 191. In *White* v. *Gregory*

(1890), 126 Ind. 95, 25 N. E. 806, the court held that there was no action or decision of the court to which an exception was saved, and hence there was nothing presented for review in this court. In *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990, it was said that, "it is now settled that in order to save any question in relation to the misconduct of counsel during the progress of the trial, the court must be called upon to correct the injury done; if the court refuses to do so, the party injured may except, and thus save the question involved for consideration" on appeal. The proper practice is for the defendant by his counsel to move the court to restrain the prosecutor, or to have withdrawn or corrected any misstatement which has been made. *Morrison* v. *State* (1881), 76 Ind. 335. Error cannot be predicated upon the silence of the court, where there is no request for an admonition to the jury not to be influenced by the statement. *Worley* v. *Moore* (1884), 97 Ind. 15. The appellant has failed to present any question as to this matter about which he complains. So, this court is not called upon to determine the sufficiency of the action of the trial court in directing the prosecuting attorney to confine his argument to the law and facts as shown by the evidence.

One of the causes for a new trial was that each of 44 instructions given by the court to the jury was erroneous. These alleged errors, with one exception, are not presented for review by appellant, and must be considered as waived. He says that the only instruction the court gave on the failure of the defendant to testify was instruction No. 26. This instruction followed the statute and was sufficient. If the defendant believed that this instruction was incomplete, he cannot complain as he failed to request that a fuller and more complete instruction be given.

Several questions as to the admission and rejection of

evidence were raised by the motion for a new trial, but only one of them is presented by the "Points and ▮▮▮ Authorities." Appellant insists that he should have been permitted to introduce in evidence the part of defendant's Exhibit A which was the statement of State's witness, Major Lowe, made before the coroner. Generally, contradicting evidence of a witness at a coroner's inquest is competent for the purpose of attempting to impeach his evidence given at the trial. It is the appellant's contention that Lowe testified at the trial that the defendant said something to the effect, "now turn him loose," and that he did not state that before the coroner; and that he testified at the trial that he heard the defendant say at the time the defendant was near the body of Thomas, after the shooting, something about letting him "lay there and die," but, before the coroner, he testified that he heard the defendant talking, but could not hear what was said. As to the second statement in the trial, it appears that this evidence was secured from the witness Lowe on recross-examination. Where a party, on the cross-examination of a witness, draws out new matter not inquired about in the examination in chief, he makes the witness his own in respect to such new matter. 1 Thompson, Trials §442. Ordinarily, a party to an action cannot impeach his own witness, and that rule applies here, as to the second statement. As to the first statement, it is true that the witness Lowe testified concerning same, as stated, and he did not make such a statement before the coroner. At the inquest, he said he did not hear Pollard say anything until after the second shot was fired. The exhibit, which was Lowe's statement before the coroner, was competent for the purpose for which it was introduced as to the first statement. It was error for the court to reject same. However, it seems that this was a harmless error, as at least three other witnesses testified

to the same fact, and the jury could not have been influenced by the rejection of this impeaching evidence as to one witness.

To determine whether or not a verdict of guilty is sustained by sufficient evidence, a court to which an appeal is taken is limited to that part of the evidence which most strongly tends to prove defendant's guilt. *Jackson* v. *State* (1924), 194 Ind. 561, 143 N. E. 625; *Wolfa* v. *State* (1926), 197 Ind. 204, 150 N. E. 98; *Faulkenberg* v. *State* (1926), 197 Ind. 491, 151 N. E. 382; *Pruitt* v. *State* (1926), 198 Ind. 141, 152 N. E. 830. Some of the material evidence in support of the verdict was as follows: Henry Pollard and John Edward Thomas were in the town of Fairland, in Shelby County, on May 30, 1926. Thomas said to Pollard: "You killed my sister," or "You was the cause of my sister's death," and "I am going to whip you." Thomas caught hold of Pollard's shirt and struck him several times with his fist in the face and on the side of the head. Alvin Bush tried to separate them. Pollard broke loose from Thomas and retreated about 15 feet. Pollard said, "Turn him loose." Thomas broke away from Bush, or the latter released him. Thomas took a step or possibly two steps toward Pollard, who then shot three times with a revolver. Two of the shots wounded Thomas, who died immediately. Prior to the homicide, on other occasions, the defendant stated to different persons that he would kill Thomas, and one time exhibited a revolver and said: "This is the gun that may some day kill Barney Thomas." John Edward Thomas was known as "Barney" Thomas. The jury could determine from the evidence that when the shots were fired by the appellant, he was in no immediate danger, and that, after the appellant had got away from Thomas and before the shots were fired, he had time for deliberation and premeditation. The verdict was sustained by sufficient evidence.

The appellant has failed to show that the verdict was contrary to law. The ruling of the court on the motion for a new trial was not erroneous.

Finding no reversible error, the judgment is affirmed.