## Johnson *v.* State.

[No. 28,848.   Filed March 25, 1948.   Rehearing denied
April 23, 1948.]

*Ireland, Denton & Fish,* and *Emanuel H. Baugh,* all
of Evansville, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Cough-
lin,* First Deputy, *Merl M. Wall,* Deputy Attorney Gen-
eral, *Harold Meloy,* Prosecuting Attorney, 16th Judicial
District, and *Wm. N. Lienberger,* Prosecuting Attorney
of the 9th Judicial District, of Counsel, for the State.

Starr, J.—The appellant, William Virgil Johnson,
was prosecuted by an indictment for the crime of mur-

der in the first degree. The indictment was returned by the Grand Jury of Shelby County and charged the appellant and three other co-defendants, namely, William Francis Price, Vera Hornback and Mary Ruth Ward, with the killing of one Herbert Smith. After the defendants were arraigned and after they had each entered pleas of not guilty, upon motion of the appellant and one of his co-defendants, the cause was venued to Bartholomew County where each defendant moved for a separate trial. Thereupon, the Court ordered the appellant and the defendant, William Francis Price, be tried jointly and that the other defendants be tried jointly. Trial of the appellant and defendant Price was had before a jury which resulted in a verdict finding the appellant and defendant Price each guilty of murder in the first degree and fixing the punishment of each at life imprisonment. Thereupon, the Court rendered judgment on the verdict committing the appellant and his co-defendant Price to the Indiana State Prison during life. It is from this judgment this appeal is taken.

During the course of the trial the appellee offered in evidence a purported written confession signed by the appellant. At the time of this offer the appellant objected to the same and asked leave to introduce evidence of violence and duress. Leave was granted, and in the absence of the jury the Court heard evidence as to the voluntary character of this confession. After this preliminary hearing was had, the statement was admitted in evidence. By proper assignment of error appellant has questioned the admission of this confession.

Putting aside the controverted evidence and taking only the undisputed testimony, the following facts and events were established and brought out in this pre-

liminary hearing, and by the evidence produced by the State before the statement was offered in evidence.

On December 5, 1946, at about two p.m., Herbert Smith, an Indiana State Police officer, was shot and killed on State Road 9 about two miles north of Shelbyville, Indiana. Immediately thereafter the defendants were seen running through the fields in a westerly direction. A posse formed in a few minutes consisting of State Police and other law enforcing officers and some civilians. Immediately this body of men started in pursuit and captured the defendants at about 3:10 p.m., at a point approximately 80 rods west of said State Road 9. When captured the defendants had their hands raised in the air and offered no resistance. Appellant and defendant Price were each handcuffed immediately with their hands behind them; the other defendants were handcuffed together.

After being handcuffed the defendants were escorted by the posse to the road. The trip back to the road took 20 to 30 minutes. Proceeding at an ordinary pace it should have taken six or seven minutes. As soon as appellant and defendant Price were handcuffed the police began beating them with their fists. During the trip back to the road they knocked Price down at least seven or eight times and hit him in the face 25 or 30 times. At least 15 different police hit him. During this time Johnson was being beaten in a similar manner not only by police officers but also by civilians. As one officer struck him this officer remarked, "You can dish it out, now see if you can take some of it." The appellant was not beaten as severely as defendant Price.

This beating continued for 20 to 30 minutes and until they arrived at the barn lot of a Mr. Arnold located adjacent to the road. As Johnson was being held by each arm, after arriving at the barn lot, a

policeman came up and struck him "as hard as he could." Appellant and defendant Price were then placed in an automobile with members of the State Police force who had assisted in their capture and driven to Shelbyville where they arrived shortly before four p.m. During the course of this journey appellant and Price were again struck by the officers accompanying them. After a very short time they accompanied these officers in an automobile from Shelbyville to Indianapolis where they were taken to the headquarters of the State Police. They arrived at headquarters shortly before seven p.m. The other defendants were also taken to headquarters and arrived about the same time. At that time Price's face was puffed; mouth, right eye and nose were swollen, discolored and bloody, and his clothing muddy and disarranged. Johnson's face was not bloody, but bruised, and his clothing muddy and disarranged. He looked like he had been "pushed around." On the trip from Shelbyville to Indianapolis appellant and Price were cursed by the officers accompanying them.

One of the witnesses for the State testified that appellant and the other defendants, when they arrived at the State Police Headquarters, appeared remorseful and dejected; another, that they appeared submissive to the same degree as any little boy when he does something wrong; also, that Price appeared "groggy."

At State Police Headquarters they were immediately taken to the office of the superintendent where about 12 State Police officers were present, several of whom had participated in the beating of appellant and Price. Shortly thereafter, seven or eight newspaper reporters appeared, were invited to come in by the officers, and were permitted to interview the prisoners and take pictures of them. After this interview and after fingerprints and photographs had been taken, the State Police

began questioning appellant and the other defendants separately. The questioning was done by an officer of the State Police and resulted in each prisoner signing a written confession before 11:30 that evening. Appellant's signature to his statement was witnessed by four officers, three of whom had been present when the beating was administered to him on the way from the place of his capture to the Arnold's barn lot, and one had struck him on the way to Shelbyville. Immediately after appellant had signed his statement he was taken into a room at headquarters with the other defendants where his statement, and those which had been signed by the other defendants, were read to them by one of the officers.

Appellant and defendant Price were handcuffed with their hands behind them during the time they were being transported to Shelbyville, and from there to Indianapolis, and while there except for a short period while they were signing their respective statements.

It also appears by the testimony of one witness that on December 10, 1946, appellant's back was very bruised and his face was swollen. At that time there were three lumps on his back, each about as large as the palm of the witnesses hand; there was also at that time a lump on his shoulder.

At the time of appellant's arrest he and defendant, Price, were each 17 years of age, the defendant, Vera Hornback, 15 years of age, and Mary Ruth Ward, 16 years of age.

At the time that the appellant signed this statement he had not been advised by counsel, nor had he been informed that he did not have to answer if he chose not to do so, nor that his statements could be used against him in court.

We cannot permit this judgment to stand if the undisputed evidence suggests that force or coercion was used to exact the confession, even though without the confession there might have been sufficient evidence for submission to the jury. *Malinski* v. *New York,* 324 U. S. 401, 89 L. ed. 1029, 65 S. Ct. 781; *Haley* v. *Ohio,* 92 L. ed. 239, 68 S. Ct. 302.

The State admits that the appellant and his codefendant Price were each severely beaten by the State Police and certain civilians. The argument is advanced, however, that this beating and abuse had nothing to do with the obtaining of appellant's confession. It is claimed this beating and abuse resulted from a spontaneous feeling of anger among the officers and civilians caused by the unprovoked killing of a well-beloved police officer, and that it was not administered for the purpose of obtaining the confession in question.

It seems to us that the question as to why the appellant was beaten by these officers, or for what purpose, is wholly immaterial in this case. Taking into consideration the short time that had elapsed from the time that this appellant suffered the first indignity until he signed his statement, also by whom he was beaten and the severity thereof, the fact that during this period he was transported to Indianapolis evidently for the purpose of obtaining his confession and was never out of the company of some of those that assisted in beating him, their attitude toward him during the time he was beaten and also while being transported, the fact that some of these officers were present when he made his confession and witnessed the same, that the appellant was only 17 years of age at the time he signed this statement, and that he was without counsel and not advised of his constitutional rights, we conclude that as a matter of law, the

admission of appellant's confession in evidence was a violation of his rights under the due process clause of the Fourteenth Amendment of the Constitution of the United States. The circumstances under which this confession was obtained ". . . by their very nature preclude a finding that a deliberate and responsible choice was exercised by the boy in the confession . . ." The words last quoted are borrowed from the concurring opinion of Justice Frankfurter in the case of *Haley* v. *Ohio, supra.*

Regardless of what our own Court has said on the subject under consideration, we are bound by, and must follow, what has been determined as to this question by the Supreme Court of the United States. We regard the cases of *Haley* v. *Ohio, supra,* and *Malinski* v. *New York, supra,* as controlling, and upon these cases we base this opinion. According to the principles of law as laid down in these two cases, as well as in the cases cited in those opinions, it was error to admit the involved confession.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

The clerk of this court will issue a proper order to the Warden of the Indiana State Prison for the return of the appellant to the Sheriff of Bartholomew County.

Emmert, C. J., not participating.

NOTE.—Reported in 78 N. E. 2d 158.