WATTS *v*. STATE OF INDIANA.

[No. 28,447.  Filed December 20, 1948.  Rehearing denied
January 11, 1949.]

*Warren M. Brown* of Shelbyville and *W. S. Henry* of Indianapolis, attorneys for appellant.

*Cleon H. Foust,* Attorney General, and *Frank E. Coughlin, Alvin E. Meyer, Merl M. Wall,* Deputies to the Attorney General, attorneys for appellee.

STARR, C. J.—The appellant was tried upon an indictment returned by the Grand Jury of Marion County in two counts; the first of which charged murder in the first degree of one Mary Lois Burney by shooting; and the second charged the same murder while attempting to rape the said Mary Lois Burney. To this indictment appellant entered a plea of not guilty and a special plea of insanity. Appellant was convicted on the second count and sentenced to be electrocuted. The errors assigned will be considered in the order presented by the briefs.

Appellant attempted to question the indictment by a motion to quash, which was overruled by the trial court. The appellant is a member of the Negro race. The only reason urged for the sustaining of this motion was that in the selection of the grand jury, which returned this indictment, Negroes were excluded from service because of their race and color. This question cannot be raised by a motion to quash. Any irregularity in the selection, impaneling or swearing of a grand jury must be raised by a plea in abatement. *Bottorff* v. *State* (1927), 199 Ind. 540, 156 N. E. 555; *State* v. *Jackson* (1918), 187 Ind. 694, 121 N. E. 114. A motion to quash an indictment only reaches matters apparent on the face thereof. § 9-1129, Burns' 1942 Replacement; *State* v. *Jackson, supra; Katzen* v. *State* (1922), 192 Ind. 476, 137 N. E. 29; *Bottorff* v. *State, supra,* and does not authorize searching the record preceding the indictment. *Swain* v. *State* (1939), 215 Ind. 259, 18 N. E. 2d 921; *Bottorff* v. *State, supra.* It was not error, therefore, to overrule this motion.

In passing, however, we desire to state that the trial court did hear evidence on this motion, which evidence was contradictory. There was ample evidence from which the trial court would have been justified in finding that Negroes were not so excluded from the Grand Jury of Marion County which returned this indictment. For example, one witness, Glenn Funk, testified that within the past two years he knew of two Negroes who were drawn as members of a jury in the Marion County Criminal Court, but they did not serve. Another witness, Judson L. Stark, the Prosecuting Attorney of Marion County, testified that the drawing was regular and that names are selected for jury service without regard as to whether they are white or colored; that there were three Negroes called on the grand jury venire within the last three years. Another witness, Glen W. Parrish, a deputy clerk, testified that no discrimination was shown in selecting names to go into the jury box; that there are many colored persons' names in the box, and that he had seen the names of colored persons drawn from the box and selected. See *Swain* v. *State, supra.* There was no proof of a systematic effort to exclude Negroes from jury service.

Appellant insists that the court erred in admitting in evidence his written confession of the crime charged. It is contended that the undisputed evidence shows that this confession was made by the appellant under the influence of fear produced by threats, intimidation and undue influence, which renders this confession inadmissible in evidence as provided by § 9-1607, Burns' 1942 Replacement.

At the time, during the trial, when the exhibits incorporating appellant's confession were offered in evi-

dence by the State, appellant objected to these offers on the ground that they had been signed by appellant under the influence of fear produced by threats, intimidation and undue influence. Thereupon, out of the presence and hearing of the jury, the trial court accorded a full hearing on the issues presented by the objection. Appellant's evidence was to the effect that he was not guilty; that prior to his confession he had been beaten, starved, threatened and otherwise abused to such an extent that he signed his confession under the influence of fear. This evidence was contradicted in detail by the testimony of various competent witnesses who testified for the State. This evidence on admissibility being conflicting, the court's ruling adverse to appellant cannot be questioned in this appeal as we cannot weigh the evidence. *Dixon* v. *State* (1946), 224 Ind. 327, 67 N. E. 2d 138; *Hawkins* v. *State* (1941), 219 Ind. 116, 37 N. E. 2d 79; *Hicks* v. *State* (1937), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501; *Anderson* v. *State* (1933), 205 Ind. 607, 186 N. E. 316. This case is not controlled by *Johnson* v. *State* (1948), ante, p. 179, 78 N. E. 2d 158. There the evidence suggesting force and coercion was undisputed.

If appellant's confession was not made under the influence of fear produced by threats, intimidation or undue influence, then the fact that, before making his confession, he was taken from place to place in Indianapolis and held for several days without process, would not alone be sufficient in this state to withhold the confession. *Hicks* v. *State*, *supra*.

By virtue of § 9-1706, Burns' 1942 Replacement, the trial court saw fit, before trial, to have appellant

examined by physicians as to his sanity. Appellant stated in his brief that it was error to overrule his objection to the report of these physicians. We assume that he intends, by this objection, to question the competency of the testimony of these physicians. Appellant, in his brief, has failed to point out why it was error to overrule this motion, or the basis of his objection, or to cite any authorities, or to show wherein he was harmed. By this failure, no question is raised. Rule 2-17 (f), Rules of the Indiana Supreme Court, 1946 Rev.

Appellant insists that it was error for the trial court to refuse to instruct the jury to find the appellant not guilty at the close of all the evidence. It is his contention that the *corpus delicti* was not proven. The State's evidence was to the effect that the deceased had met a violent death resulting from assault with a deadly weapon. This, considered with the confession, was ample to establish the *corpus delicti*. *Hurst* v. *State* (1944), 222 Ind. 599, 56 N. E. 2d 493; *Evans* v. *State* (1927), 199 Ind. 55, 155 N. E. 203; *Griffiths* v. *State* (1904), 163 Ind. 555, 72 N. E. 563; Ewbank's *Indiana Criminal Law* § 517, p. 341, (2d Ed.)

Misconduct of the prosecuting attorney in his closing argument is charged. In this argument he stated to the jury, "If he (referring to the appellant) gets life in the Indiana State Penitentiary, according to the rules of the Penitentiary, they are permitted a year of parole after 12 years service." This was proper argument as the prosecutor had the right to express his opinon as to the amount of punishment the jury should mete out. *Blue* v. *State* (1946), 224 Ind. 394, 67 N. E. 2d 377. The court's admonish-

ment to the jury to disregard these remarks and not to consider them, was more than fair to the appellant.

Also, it is complained of that the prosecuting attorney in his cross examination of the appellant, questioned him as to the identity of two certain knives, and in doing so displayed the same to appellant; whereupon, appellant stated that from where he was stationed, he was unable to see them. The prosecutor then stated "This is as close as we want you to have them." The jury was then admonished by the court not to consider this remark. Also, it appears that in this cross examination the prosecutor, when the witness answered a certain question in an argumentative way, stated that his answer was a "darn lie." The jury was also admonished not to consider this remark of the prosecutor.

It is our opinion that, although the foregoing remarks of the prosecutor are not to be condoned, they were not of sufficient gravity or importance as to warrant the setting aside of the submission.

The court's action in telling the jury not to consider these remarks was sufficient to warrant a fair trial.

Appellant complains of the court's refusal to give his tendered instruction No. 8. He has failed in his briefs to set out any of the instructions that were given by the court. Error, therefore, cannot be predicated on this refusal. Rule 2-17 (e) of this court, as to the requirements of appellant's brief, provides among other things: "When error is predicated on the giving or refusal of instructions the statement must recite all of the instructions that were given"; It will be presumed that the instruction so tendered and refused, was covered by other instruc-

tions. *Adams* v. *State* (1938), 214 Ind. 603, 17 N. E. 2d 84.

The next question presented is that the appellant was compelled to answer certain questions over the objection that the same would tend to incriminate him. It is sufficient to say that all these questions were asked on cross examination of appellant about a matter about which he had elected to testify as a witness in his own behalf. In view of his direct examination, the allegedly prejudicial questions were proper on cross examination. *State* v. *Schopmeyer* (1935), 207 Ind. 538, 194 N. E. 144.

It is urged that the verdict is not sustained by sufficient evidence. The evidence most favorable to the State is substantially as follows: that on the morning of the 12th day of November, 1947, the deceased was alive; that later that day her body was found in the bedroom of her home in Indianapolis; that she had been killed by the discharge of a shotgun, the charge of which had struck her in the head; that the evidence disclosed that the gun had been fired at close range, and that she had been killed in the room where her body was found. The evidence also disclosed, that prior to her death there had been a struggle between her and her assailant as was indicated by the bruises on her body and the general disarray and condition of the furniture in the home; that on the same day another woman in the same neighborhood had been attacked in her home by a colored man who was attempting to rape her; that she escaped him by fleeing from her house naked; that on that same day and before the offense charged herein had been discovered, appellant was arrested for this attempted rape and identified by this woman as her attacker; that thereafter the appellant made a full written confession of

his guilt of the offense herein charged; that shortly after making this confession, he led the officers in whose custody he was, to a lonely place in the City of Indianapolis, where he had tossed the shotgun. This spot was far from the scene of the crime. The gun was still there. This gun was the property of the husband of the deceased and he had kept it in the home where he and deceased resided; that the empty shotgun shells found at the place of the crime had been fired from this gun. It also appears from the State's testimony, that the appellant admitted the perpetration of this crime to a fellow prisoner while he was being held in the Marion County Jail.

It is our opinion that this evidence amply supports the verdict, although the State detailed other and further evidence which it is not necessary to recite for the purpose of this opinion.

Lastly, it is insisted that a new trial should have been granted on account of newly discovered evidence. After both sides had rested, and before argument, appellant moved to reopen the case for the purpose of introducing certain evidence. The only purpose of this evidence would have been to impeach a certain witness of the State on a collateral matter which would have rendered it inadmissible. It was not error to deny this motion. Had this evidence been discovered after the trial, and had it not been irrelevant, but simply impeaching, a new trial could not have been granted on account of same. *Sullivan* v. *State* (1937), 212 Ind. 79, 6 N. E. 2d 951; *Gavalis* v. *State* (1922), 192 Ind. 42, 135 N. E. 147; *Spaulding* v. *State* (1904), 162 Ind. 297, 70 N. E. 243.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 82 N. E. 2d 846.