ROWE *v.* STATE OF INDIANA.

[No. 867S64. Filed June 19, 1968.]

*Ralph O. Lafuze,* of Hagerstown, for appellant.

*John J. Dillon,* Attorney General, and *Rex P. Killian,* Deputy Attorney General, for appellee.

HUNTER, J.—The appellant herein is appealing from a conviction in the Superior Court of Wayne County of murder in the second degree.

Prosecution was commenced on the basis of an indictment charging appellant with the above stated crime; appellant entered a plea of not guilty and thereafter trial was had by jury. The trial resulted in the jury returning a verdict of guilty as charged, and upon this verdict the court rendered judgment accordingly and sentenced appellant to be imprisoned in the state prison for life.

The error assigned and relied upon by the appellant is the overruling of his motion for new trial. Appellant argues two specifications of error which are set forth in his motion for new trial as follows:

I. Irregularity in the proceedings of the Court, orders of Court, and abuse of discretion, by which the Defendant was prevented from having a fair trial, in this, to wit:

1. Misconduct of counsel for State of Indiana and the action of the Court in regard thereto: The Court erred in overruling the objection of the Defendant to the following remark of Harry Holtsclaw, Deputy Prosecuting Attorney of Wayne County, in his argument to the jury: and the Court erred in overruling Defendant's motion for a mistrial on account of said remark; the remark of Mr. Holtsclaw, the objection, the ruling of the Court, the motion for a mistrial, and the ruling of the Court on said motion being fully set out in the affidavit of Ralph O. Lafuze, Exhibit 1, which is attached hereto, filed herewith and made a part hereof.

II. Error of law occurring at the trial, in this:

2. The Court erred in overruling the objections of the defendant to certain questions asked of State's witness Sharon Day on direct examination, and the Court erred in admitting the answers thereto into evidence, which questions, objections, answers and the rulings of the Court thereon are in the following words:

Q. Do you and John Day have any children?

Mr. Lafuze: Objection, immaterial.

The Court: Objection overruled.

A. We have two children, a boy and a girl—twins.

Q. What are their ages?

Mr. Lafuze: Objection, immaterial.

The Court: Objection overruled.

A. Three years old.

Appellee, State of Indiana, urges that the above stated objections, following questions propounded by the prosecuting attorney to the deceased's widow, present no question for review since they were general and indefinite. Although there is ample authority for this position, see e.g. *Brown* v. *State* (1939), 216 Ind. 107, 23 N. E. 2d 267; *Williams* v. *State* (1907),

168 Ind. 87, 79 N. E. 1079, we fail to see how the objection could have been made more specific when on its face the question had nothing to do with the issues in this case.

The State does not contend that the admission of testimony as to surviving family in this homicide case was material in that the fact it tended to prove or to disprove related to an issue in the case. The State argues that the admission of such testimony resulted in harmless error.

The only Indiana cases cited by either appellant or appellee which involved this issue is *Walker* v. *State* (1885), 102 Ind. 502, 1 N. E. 846. In *Walker* this Court affirmed a conviction of voluntary manslaughter reasoning that, since all the evidence was not in the record before the court, the court would indulge in a presumption in favor of the materiality of evidence that the deceased had a wife and two children.

The admission of evidence that the deceased left a spouse and a family is generally not a proper part of the State's case and is condemned by many courts. *E.g. Walker* v. *State* (1959), 239 Ark. 172, 388 S. W. 2d 13; *People* v. *Tajra* (1965), 58 Ill. App. 479, 208 N. E. 2d 9; *People* v. *Miller* (1959), 6 N. Y. 2d 152, 188 N. Y. S. 2d 534, 160 N. E. 2d 74. Such evidence has no relation to the guilt or innocence of the accused or to the punishment to be administered to him, and is ordinarily calculated only to prejudice the defendant with the jury. However, evidence as to the family of the victim of a homicide may well be material when used to describe the res gestae, *Johnson* v. *State* (1910), 169 Ala. 10, 53 So. 769; to show that the deceased would not have been likely to attempt illicit relations with the accused's wife, *State* v. *Sauls* (1923), 93 W. Va. 276, 116 S. E. 391; and when a general attack on the deceased's character has been made by the defendant.

The admission of such testimony over objection is generally presumed to be prejudicial to the defendant, for to hold

otherwise would be "to disregard realities of trial atmosphere and emotional frailties of human nature." *Knight* v. *State* (1962), 273 Ala. 480, 142 So. 2d 899. Illinois has held out that where the testimony is not elicited incidentally, but is presented in such a manner as to cause the jury to understand that it is a matter material and proper to be proved, its admission is prejudicial error. *People* v. *Dukes* (1957), 12 Ill. 2d 334, 146 N. E. 2d 14, 67 A. L. R. 2d 724. But such evidence was not prejudicial when the issues of fact were not presented to a jury but rather to a three-judge court. *State* v. *White* (1967), 9 Ohio App. 2d 271, 224 N. E. 2d 377. We too must agree that when such evidence is not material or relevant to the case, the introduction of the testimony over objection is generally prejudicial.

However, in the instant case, the above testimony as to the deceased's family was cumulative. The deceased's father, called as the first witness for the State, testified *without objection* that his son was married and had twins, a boy and a girl. Although such testimony should not have been admitted *over objection*, we hold that its introduction was not prejudicial to the defendant and constituted harmless error since the essence of the testimony had been previously placed before the jury without objection.

Although the foregoing allegation of error is not a ground for reversal in this case, we have deemed it necessary to discuss the problem and set forth guidelines in the event that the question is presented again on retrial.

The second point argued by appellant is that due to misconduct of counsel for the State of Indiana in his closing argument and the action of the court in regard thereto he was prevented from having a fair trial.

The substance of Exhibit 1 to the Motion for New Trial being as follows:

"That I was the attorney for Edward Wade Rowe, defendant, in the above captioned cause, and that on March 8, 1967, during the final argument to the jury, Harry Holtsclaw,

deputy prosecuting attorney, on behalf of the State of Indiana stated as follows:

Harry Holtsclaw: If this man is convicted of manslaughter he might be out in two years.

Ralph O. Lafuze: Objection.

Harry Holtsclaw: If you like I'll withdraw it.

Ralph O. Lafuze: I'll object to that, it has been made, the damage has been done.

The Court: Your objection is overruled.

Ralph O. Lafuze: At this time I request the Court to dismiss the jury so that I can make a motion outside the presence of the jury.

The Court: I see no reason to do that.

Ralph O. Lafuze: (Defendant's attorney approached the bench at this time and made the following motion.) At this time the defendant will move for a mistrial on the basis of the statement, "If this man is convicted of manslaughter he might be out in two years." For the reason that this statement is improper and highly prejudicial.

The Court: Your motion is overruled."

In *Pollard* v. *State* (1929), 201 Ind. 180, 166 N. E. 654, during closing argument the prosecuting attorney made the following statement:

"Gentlemen, you should not convict this man of anything less than murder in the first degree. You should not convict him (referring to the defendant) of the crime of manslaughter. The penalty for that is from two to twenty-one years in the State Prison. That means only two years, as you know that the pardon board turns them out in such cases at the end of two years and that is not enough punishment in this case." 201 Ind. at 185.

The technical holding in *Pollard*, regarding the above issue, was that the question was not properly presented for review on appeal since the trial court never ruled on the defendant's objection and therefore there was no decision of the trial court to which an "exception" was saved. However, this Court stated that it could not "put its approval" on the statement that the pardon board turns them out at the end of two years.

Appellee cites *Watts* v. *State* (1948), 226 Ind. 655, 82 N. E. 2d 846, *reversed on other grounds* 338 U. S. 49, in support of the argument that remarks to the jury in a homicide case by the prosecuting attorney regarding possibility of parole does not result in reversible error. In *Watts* the Court stated that:

"Misconduct of the prosecuting attorney in his closing argument is charged. In this argument he stated to the jury, 'If appellant gets life in the Indiana State Penitentiary, according to the rules of the penitentiary, they are permitted a year of parole after 12 years service.' This was proper argument as the prosecutor had the right to express his opinion as to the amount of punishment the jury should mete out." 226 Ind. at 661.

It must be pointed out that Watts was charged with and convicted of murder in the first degree. In such a case it is the jury which decides whether the punishment shall be death or life imprisonment. Whether the process of government affecting the post conviction treatment of a defendant in a criminal cause is the proper subject of argument by either the state or the defense need not be decided here. However, in *Watts* the court went on to say that "The (trial) court's admonishment to the jury to disregard these remarks and not to consider them, was more than fair to the appellant." 226 Ind. at 661-62. Nevertheless, in the instant case the jury may *only* consider the guilt or innocence of the accused because the statute (Ind. Anno. Stat. § 10-3404) proscribing second degree murder provides only for life imprisonment and the statute (Ind. Anno. Stat. § 10-3405) proscribing manslaughter provides for an indeterminate sentence of not less than two (2) nor more than twenty-one (21) years. Here the jury may not consider the potential punishment since such has been pre-determined by the legislature. Any remarks by the prosecuting attorney in the *instant case* regarding the possibility of parole could only be calculated to encourage the jury to disapprove of the punishment for a lesser included offense and to find guilt of the greater offense because of the punishment to be imposed. Punishment is not an

element of said crimes and when punishment is not to be imposed by the jury it is not a matter to be placed before the jury by the State for its consideration. If the material elements of a criminal violation are proved beyond a reasonable doubt and such is found by the jury, they should find the accused guilty of the crime as charged or a lesser included offense.

Under the theory of separation of powers the comments of the prosecuting attorney are of such character that they have no proper place in the trial of a case such as the matter that was before the trial court. In this case the collateral issue sought to be placed before the jury by the prosecuting attorney was improperly injected for the reason that the *statute fixes the sentence which is applied by the judgment of the trial court* after a proper finding of guilty by the jury. In all cases the judgment decreed by the court under the proper statutes, whether it be a determinate or indeterminate sentence, completes the duty of the trial court and the jury. Thereafter, it is solely within the province of the executive department functioning through the Department of Correction, to determine the duration of actual incarceration through the application of its rules and regulations under what is commonly known as the "good time statute." From the foregoing it is quite apparent that the jury should not consider the possible punishment or duration of punishment, either by way of disapproval of the sentence provided by the legislature or by way of reassurance that if they make a mistake the consequences will not be serious since relief may be given by the executive department.

In the case at bar the remarks of the prosecutor were quite obviously intended to influence the jury's determination and finding of guilt of murder in the second degree as opposed to manslaughter. In a case such as this these remarks are clearly erroneous and prejudicial on their face, but the trial court simply *overruled appellant's objection* to the remarks *and made no attempt to admonish the*

*jury* and *to direct the prosecutor to confine his argument to the law and facts as shown by the evidence.*

For the foregoing reason we hold that the trial court erred in not sustaining appellant's motion for new trial, therefore this cause is reversed and remanded with instructions to sustain appellant's motion for new trial.

Judgment reversed.

Lewis, C. J., Arterburn and Jackson, JJ., concur.

Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 576.