ALVIN WAYNE WILSON *v.* STATE OF INDIANA.

[No. 1-1175A196. Filed April 20, 1976. Rehearing denied
June 23, 1976.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana,
*David P. Freund, Bobby Jay Small,* Deputy Public Defenders,
for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,*
Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant Alvin Wayne Wil-
son (Wilson) was convicted by a jury of the charge of first
degree burglary. On appeal he alleges, *inter alia,* that it was
error to read State's Final Instruction No. 1 to the jury.

State's Instruction No. 1 reads as follows:

"I instruct you that at all times material to the facts
in issue in this cause, there was and is in force in the State
of Indiana a statute which provides as follows:

'When sentencing any person convicted of a crime the
sentencing court shall order that the sentenced person
be given credit toward service of his sentence for any
days spent in confinement as a result of the criminal
charge for which sentence is imposed or as a result of
the conduct on which such charge is based. The court

shall specify in its order of commitment the number of days credit to which the person sentenced is entitled pursuant to this section.'

"I further instruct you that it is the law in the State of Indiana and in this cause, if the defendant be found guilty of the offense charged herein, or of a lesser included offense as defined in these instructions, then the Equal Protection Clause of the Fourteenth Amendment and Article 1, Section 23, of the Indiana Constitution require that the defendant be given credit for presentence confinement resulting from this charge of First Degree Burglary."

In *Rowe* v. *State* (1968), 250 Ind. 547, 237 N.E.2d 576, our Supreme Court held that it was reversible error for the prosecuting attorney to make reference in his final argument to the fact that the defendant would receive only a two year sentence should the jury convict the defendant of a lesser included offense instead of the greater offense charged. The Supreme Court clearly held that when the crime charged was one that involved an indeterminate sentence, the issue of punishment is not before the jury, and comments made by the prosecutor concerning the amount of punishment to be imposed could only be calculated to encourage the jury to disapporve of the punishment for a lesser included offense and to find guilt of the greater offense because of the punishment to be imposed.

Here, the jury was *instructed* to consider the fact that Wilson would receive credit for time served prior to his conviction as mitigation of his ultimate sentence. The only interpretation the instruction allows is that the jury should consider the penalty to be imposed as relevant evidence on the issue of guilt or innocence. Punishment is not an element of the crime charged, and when punishment is not to be imposed by the jury, it is not a matter to be placed before the jury, by the State, for its consideration. *Rowe* v. *State, supra.*

Whether by the State's tendered instruction, or by remarks by the prosecutor, the information was, in our opinion, quite

obviously intended by the State to influence the jury's determination so that they would find Wilson guilty of first degree burglary as opposed to one of the lesser included offenses. Inasmuch as evidence was received over objection as to the amount of jail time Wilson had served prior to trial, we cannot say that he was not prejudiced by the instruction, and thus he is entitled to a new trial.

Reversed and remanded for a new trial.

Robertson, C.J. and Lybrook, J. concur.

NOTE.—Reported at 346 N.E.2d 279.


COURT'S RULING ON APPELANT'S MOTION TO DISMISS APPELLEE'S PETITION FOR REHEARING AND ON APPELLEE'S PETITION FOR REHEARING

Lowdermilk, J.—Appellant has filed his motion to dismiss appellee's petition for rehearing, together with a memorandum in support thereof wherein, among other things, appellant charges the petition for rehearing does not contain a concise statement of the reasons why it is thought this court's decision was erroneous as required by Ind. Rules of Procedure, Appellate Rule 11.

We are acquainted with the case of *Automobile Underwriters, Inc.* v. *Smith* (1961), 241 Ind. 302, 171 N.E.2d 823, wherein our Supreme Court discussed and construed the old rule, 2-22, which is the same as the present Rule AP. 11. We must agree with appellant that the petition for rehearing does not conform exactly to the rule. It appears to be a combination of a petition and memorandum and argument in support thereof.

While the petition may not be a model for the guidance of other lawyers who may prepare petitions for rehearing we are loath to dismiss the petition. This court has in the past been very liberal with the defendant in State cases where the State has attempted to deprive the defendant from his or her day in court and we are of the opinion that in a sense of fairness it behooves us to give the State the same fair treatment that

we accord those unfortunate people charged with crime. Eg., *Lipps* v. *State* (1970), 254 Ind. 141, 258 N.E.2d 622.

We now overrule defendant-appellant's motion to dsmiss appellee's petition for rehearing.

And the court, having seen and considered said petition for rehearing, now denies the same.

Robertson, C.J. and Lybrook, J. concur.

NOTE.—Reported at 349 N.E.2d 285.