**Larry TAYLOR, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 280S57.**

Supreme Court of Indiana.

June 3, 1981.

Alex L. Rogers, Michael R. Franceschini, Indianapolis, for appellant; Frank E. Spencer, Indianapolis, of counsel.

Theodore L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction for robbery, a class C felony, Ind. Code § 35–42–5–1. Appellant was sentenced to a prison term of five years, with thirty years added pursuant to the sentencing provision of the habitual offender statute, Ind. Code § 35–50–2–8.

Appellant raises six issues on appeal concerning the giving and refusing of certain instructions, the admission of certain evidence, the validity of the verdict on the habitual offender allegation, and the validity of the judgment imposed on the habitual offender verdict.

The evidence favorable to the verdict shows that on May 19, 1979, appellant accosted a woman on 34th Street in Indianapolis, pointed a gun at her, and demanded that she go with him behind a nearby building. The woman gave appellant some money and when he again insisted that she go behind the building, she screamed, attracting the attention of a police officer. Appellant fled, but was pursued and caught by the officer.

## I.

Appellant's first claim is that the trial court erred in refusing the following three tendered instructions:

"You are instructed that the Eighth Amendment of the United States Constitution and Article I, § 16 of the Indiana Constitution prohibit the infliction of cruel and unusual punishment. This prohibition applies not only to those punishments that are 'barbaric', but also to those that are 'excessive' in relation to the crime committed. A punishment is 'excessive' and therefore unconstitutional if it (1) makes no measurable contribution to accepted goals of punishment and hence is nothing more than a purposeless and needless imposition of pain and suffering, or (2) is greatly out of proportion to the severity of the crime. A punishment can fail the test of constitutionality on either ground.

"If after considering all of the evidence presented in this case, you find that the punishment inflicted on the defendant under the Habitual Offender statute is 'excessive' under the standards just read to you, then you may take that finding into consideration in rendering your verdict."

"DEFENDANT'S INSTRUCTION # 2

"You are instructed that Article I, § 18 of the Indiana Constitution states as follows:

'The penal code shall be founded on the principles of reformation, and not of vindictive justice.'

"If after considering all of the evidence presented in this case, you find that the Habitual Offender statute, as applied, is not founded on principles of reformation, then you may take that finding into consideration in rendering your verdict."

"DEFENDANT'S INSTRUCTION # 3

"The Constitution of Indiana provides that in all criminal cases the jury shall judge and determine the law as well as the facts. It is the duty of the court to instruct you on the law governing the case, and you should give the court's instructions respectful attention. However, you have the right to independently determine the law. The instructions given are for your guidance and information and you should give the instructions such consideration and respect as you deem them entitled to."

Appellant argues that Art. I, § 19, of the Constitution of Indiana requires that such instructions be given. Article I, § 19, provides:

"In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

Concerning instructions one and two, appellant argues that recent cases holding that trial courts should not inform juries of possible penalties arising from their verdicts of guilty should be overruled in light of the constitutional right of the jury to determine the law as well as the facts. We do not believe that these cases conflict with Art. I, § 19, since we interpret that provision to mean that the jury is to determine the law necessary to reach its verdict. Sentencing no longer being a part of the verdict, the law regarding sentencing is not to be determined by the jury. *Craig v. State*, (1979) Ind., 398 N.E.2d 658; *Drake v. State*, (1979) Ind., 397 N.E.2d 600; *Williams v. State*, (1979) Ind., 395 N.E.2d 239; *DeBose v. State*, (1979) Ind., 389 N.E.2d 272.

■ Next, concerning all three tendered instructions, appellant acknowledges that in *Fultz v. State*, (1976) 265 Ind. 626, 358 N.E.2d 123, and *Sumpter v. State*, (1974) 261 Ind. 471, 306 N.E.2d 95, this Court held that the question of the constitutionality of a statute is not to be submitted to the jury. Appellant urges us to overrule these cases as being plainly in conflict with Art. I, § 19.

The holding in *Sumpter*, appellant contends, was unsupported by authority or reference and conflicted with *Bryant v. State*, (1933) 205 Ind. 372, 186 N.E. 322, a case in which this Court held that it was reversible error for a trial court to instruct the jury to disregard defense counsel's argument to the jury in which he discussed the constitutionality of the liquor laws.

We do not consider the holding in *Sumpter* to be well-grounded. Defense counsel may argue the constitutionality of the statute under which a defendant is charged to the jury. *Bryant, supra; Lynch v. State*, (1857) 9 Ind. 541. It does not follow, however, that the trial court was required to give tendered instructions one and two.

■ By statute, Ind. Code § 35–1–35–1, the trial court is required to charge the jury at the conclusion of the evidence or after final argument by stating to them "all matters of law which are necessary for their information in giving their verdict." This does not require the court to inform the jury of defense counsel's theory of the constitutionality of the laws at issue, as tendered instructions one and two attempted to do. Tendered instruction three was adequately covered by the court's own instruction three which stated in pertinent

part, "[u]nder the law of this State you are the sole judges of both the law and evidence. . . ." We have said,

"[w]hen the court informs the jury that they have the right to determine the law and the facts, it states the only legal proposition necessary to be laid down on that subject. No elaboration of it can make it any clearer. . . ." *Bridgewater v. State*, (1899) 153 Ind. 560, 566, 55 N.E. 737, 739.

It is not error to refuse an instruction the substance of which is adequately covered in another instruction. *Bobbitt v. State*, (1977) 266 Ind. 164, 361 N.E.2d 1193. There was no error in refusing to give these instructions.

### II.

■ Appellant next claims that the trial court erred in giving the following instruction over his objection that it was confusing, uninformative, and prevented the jury from considering the statutory penalty:

### "INSTRUCTION NO. 2

"The Indiana Statute defining the offense charged, including the elements contained therein, insofar as it is applicable, reads as follows:

### 'ROBBERY

'A person who knowingly or intentionally takes property from another person or from the presence of another person:

· '(1) By using or threatening the use of force on any person or

'(2) By putting any person in fear; commits Robbery, a class C Felony.' "

It is a general rule that instructions which are apt to mislead the jury should not be given. *Brewer v. State*, (1969) 253 Ind. 154, 252 N.E.2d 429. No attempt has been made to demonstrate in what way the instruction reciting the statute verbatim was misleading or confusing, and indeed we do not see how it could be so. Regarding the claim that the instruction erroneously omitted the statutory penalty for the crime charged we reiterate our statement above that the jury is not to be advised of possible penalties. *Craig v. State, supra*. It was not error to give this instruction.

### III.

■ Appellant's next claim is that the trial court erred in allowing into evidence, during the hearing on the habitual offender allegation, a document which showed that, in connection with one of the prior felony convictions, appellant had violated the terms of his probation, and that his probation had been revoked.

This claim is premised upon the assertions that revocation of probation is not a ground upon which the provisions of the habitual offender statute can be invoked and is therefore immaterial, and that its disclosure was obviously prejudicial in that the jurors would conclude from it that he did not deserve their consideration on the habitual offender count. The statute requires only that the State allege that the defendant has accumulated two prior unrelated felony convictions and it does not require the State to allege actual imprisonment or other sentencing for the felony. This requirement provides no justification for the conclusion that a reference to the sentence imposed and subsequent revocation of that sentence is error. Appellant cites *Rowe v. State*, (1968) 250 Ind. 547, 237 N.E.2d 576, in support of his claim of prejudice. Reliance on *Rowe* is misplaced. That case dealt with the admission of prejudicial evidence that a murder victim left a wife and children. *Rowe* does not instruct us as to why information about a defendant's probation would be similarly prejudicial. Indeed, we cannot see in what way it would be prejudicial in this case.

### IV.

■ Appellant next contends that the trial court committed fundamental error in giving the following instruction:

"INSTRUCTION NO. 15

"In that the aforementioned second Count, in part, alleges a prior conviction of the Defendant, it could not be presented to you in the trial of the first Count, just decided, because of the possible inference of guilt which might have arisen therefrom.

"Accordingly, you will now hear additional evidence and argument relevant to Count Two of the charge, and in determining the Defendant's innocence or guilt thereof, you should consider all of the instructions hereinbefore read to you by the Court as applicable."

Appellant did not object to this instruction.

The gist of appellant's claim is that this instruction concerning the habitual offender allegations and referring to instructions given on the robbery count, is couched in criminal terms of "innocence or guilt", although the statute does not involve a crime but merely creates a classification for purposes of increasing the sentence on the crime charged.

In *Young v. State*, (1967) 249 Ind. 286, 231 N.E.2d 797, relied upon here, we held that it is fundamental and reversible error to convict a defendant of a non-existent crime and to impose a sentence which had no statutory basis. Appellant argues that it was similarly fundamental error and reversible to instruct the jurors here that they may convict the defendant of a non-existent crime. The wording of the instruction was improper, but it did not constitute fundamental error as in *Young*. The essence of the instruction properly called upon the jury to determine whether the appellant had been convicted of prior felonies. They were not being asked to convict appellant of a non-existent crime, but only being instructed to make a determination that had sentencing ramifications.

As to whether the error was reversible or harmless the issue is not properly before us since appellant failed to object to the instruction and therefore foreclosed review on appeal. Ind.R.Crim.P. 8(B). We observe, however, that the instruction is technically incorrect in calling for a finding of "innocence or guilt." A proper instruction would have called simply for a finding regarding the allegations. But we believe that the error was harmless since in essence the jury was asked to make the finding called for under the habitual offender statute.

There was no error in the giving of the instruction because appellant failed to object to it.

V.

■ Appellant's next contention is that the jury's verdict on the habitual offender allegation was contrary to law because it stated that the defendant was "guilty of the offense of habitual offender." Since there is no crime of being an habitual offender, the verdict was illegal, he argues. The jury's use of the word "guilty" is technically incorrect, but for the same reasons set forth above regarding the trial judge's instruction on the habitual offender statute, we hold that there was no error here.

■ In addition, appellant argues that the verdict exposed him to double sentencing. We have said often that a sentence imposed under the habitual offender statute is not a sentence for a separate crime but is rather an additional penalty for the crime charged. See, e. g., *Wise v. State*, (1980) Ind., 400 N.E.2d 114, 115. Appellant urges that cases such as *Page v. State*, (1979) Ind., 395 N.E.2d 235, should be overruled. No cogent argument is presented to us beyond the bare assertion that the sentencing scheme violates the ban on cruel and unusual punishment in the Eighth Amendment to the Constitution of the United States. We see no reason to overrule *Page*.

There was no error in the jury's verdict.

VI.

■ Finally, appellant claims that the trial court committed fundamental error because it gave to the jury the following final instruction:

"INSTRUCTION NO. 10

"You much first determine the guilt or innocence of the defendant, and if you have reasonable doubt as to guilt of the crime charged, or any offense included thereunder, then you must find the defendant not guilty.

"However, *if you find that the State has proven beyond reasonable doubt the material allegations of the charge against the Defendant, or of any offense included thereunder, then you must find the Defendant guilty.* Proper verdict forms will be furnished you for your use; furthermore, your sole responsibility is to determine innocence or guilt herein, and should there be a finding of guilty, sentencing responsibility is that of the trial judge alone." (Emphasis added.)

The text of this instruction places it somewhere between the condemned instruction considered in *Pritchard v. State*, (1967) 248 Ind. 566, 230 N.E.2d 416, which improperly mandated the jurors to return a verdict of guilty if they determined certain specifically mentioned facts, and one which might simply (and in all likelihood properly) state that if the jury has a reasonable doubt of guilt it must acquit, but that if it has no such reasonable doubt it must convict. This instruction is more general and abstract than the one in *Pritchard*, insofar as it refers to a determination of "the material allegation of the charge", rather than to a factual allegation as specified by the erroneous instruction in *Pritchard*, that the victim "did sicken, languish and die." Furthermore, it was accompanied by an instruction that stated:

"INSTRUCTION NO. 3

"Under the law ·of this State you are the sole judges of both the law and evidence and you must presume that the defendant is innocent. You must continue to believe he is innocent throughout the trial, unless the State proves that the Defendant is guilty, beyond a reasonable doubt, of every essential element of the offense charged. The burden of proof herein is on the State alone and never shifts to the Defendant."

While an argument can be made strongly supporting the contention that the challenged instruction was erroneous, the instruction's particular text and use within the confines of this case does not support the conclusion that the giving of it was fundamental error, that is, error apparent on the record, gross in character, and offensive to our concepts of criminal justice which include the right of the jury to determine the law unimpeded under Art. I, § 19, of the Indiana Constitution.

The failure to object has waived review of this issue.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.