Roosevelt JOHNSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1280S458.

Supreme Court of Indiana.

July 1, 1982.

Steven A. Johnson, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Elizabeth L. Phifer, Research Asst., Indianapolis, for appellee.

DeBRULER, Justice.

The defendant-appellant, Roosevelt Johnson, was convicted of robbery, a class A felony, Ind.Code § 35–42–5–1, and was sentenced to a prison term of thirty-five years. This appeal follows the denial of the defendant's motion to correct errors, and raises two issues:

1. Whether the court erred in permitting, over objection, the prosecutor's comment in final argument, "the State's evidence is not shaken."

2. Whether the court erred in allowing the prosecutor's remark, "[t]his type of activity we cannot accept in this community."

I.

In his brief, the defendant points to two occasions when, he claims, the State improperly commented upon his failure to testify in his own behalf, in violation of the privilege against self-incrimination guaranteed by the Fifth Amendment to the Constitution of the United States, and in violation of Ind.Code § 35–1–31–3 (repealed effective September 1, 1982), which provides in pertinent part:

"[I]f the defendant do [sic] not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their [sic] duty under the provisions of this section."

Either comment, standing alone, would constitute reversible error, he contends. The propriety of one comment, however, is not available for review because the defendant failed to object to it. *Holt v. State,* (1980) Ind., 408 N.E.2d 538. The other comment was, "the State's evidence was not shaken." The defense objected on Fifth Amendment grounds only. The defendant also claims that the comment evidenced prosecutorial misconduct, although no argument is presented on this issue.

The defendant relies on this Court's holding in *Rowley v. State,* (1972) 259 Ind. 209, 285 N.E.2d 646, that a remark by a prosecutor that "there had not been one bit of evidence from the witness stand that indicated that the defendant was not guilty," was an impermissible comment, at least when the trial court failed to admonish the jury promptly. The Court in *Rowley* adopted the rule of *Williams v. Wainwright,* 416 F.2d 1042 (5th Cir. 1969), that

"a comment by a prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has been strictly regarded as an impingement on the substantial right of the defendant." 416 F.2d at 1043.

We do not view the remark as one subject to interpretation by a jury as a comment upon the failure of the defendant to testify. Rather, the remark unambiguously refers to the failure of the defense to undermine the State's witnesses' testimony upon cross-examination.

The court did not err in overruling the objection.

II.

The defendant contends that the prosecutor's comment, "[t]his type of activity we cannot accept in this community," amounts to prosecutorial misconduct requiring reversal of the conviction, relying on *Rowe v. State,* (1968) 250 Ind. 547, 237 N.E.2d 576. In Rowe, the prosecutor stated in final argument, "If [the defendant,

charged with murder in the second degree] is convicted of manslaughter he might be out in two years." The Court held that in a case in which the jury may not consider the potential punishment because the Legislature has pre-determined the penalty, "[a]ny remarks by the prosecuting attorney . . . regarding the possibility of parole could only be calculated to encourage the jury to disapprove of the punishment for a lesser included offense and to find guilt of the greater offense because of the punishment to be imposed." *Id.*, 237 N.E.2d 576. Thus, the reversal in *Rowe* was based on the impropriety of interjecting the issue of the duration of punishment, and the holding does not support the defendant's contention.

The criteria for determining whether there has been prosecutorial misconduct were set out in *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843:

"1. The Court first determines that the prosecutor in fact engaged in misconduct. This determination is made by reference to the case law and the disciplinary rules of the Code of Professional Responsibility as adopted in this State. See *Swope v. State*, (1975) 263 Ind. 148, 325 N.E.2d 193.

2. The Court then considers whether the misconduct, under all the circumstances, 'placed [the defendant] in a position of grave peril to which he should not have been subjected.' *White v. State*, (1971) 257 Ind. 64, 78, 272 N.E.2d 312, 320, followed in *Warner v. State*, (1976) 265 Ind. 262, 354 N.E.2d 178, 54 Ind.Dec. 481; *Rufer v. State*, (1976) 264 Ind. 258, 342 N.E.2d 856; *Turczi v. State*, (1973) 261 Ind. 273, 301 N.E.2d 752; *Robinson v. State*, (1973) 260 Ind. 517, 297 N.E.2d 409. The 'grave peril' standard does not require the Court to find that the misconduct determined the outcome of the trial. *White, supra*, at 272 N.E.2d 319–20. This is the same standard which *White* mandates trial courts to observe in ruling on mistrial motions.

3. Whether the misconduct results in subjecting the defendant to 'grave peril' is determined by the probable persuasive effect of the misconduct on the jury's decision, not by the degree of impropriety of the conduct. *Swope v. State, supra.*

4. Even if an isolated instance of misconduct does not establish grave peril, if repeated instances evidence a deliberate attempt to improperly prejudice the defendant, a reversal may still result. *Robinson v. State*, (1973) 260 Ind. 517, 297 N.E.2d 409; *Garrett v. State*, (1973) 157 Ind.App. 426, 300 N.E.2d 696." 265 Ind. at 498–99.

We cannot say that the comment in question was, as the defendant claims, calculated to inflame the passions of the jury and obtain a verdict of guilt not upon the evidence but rather upon emotion alone. This was a comment on the character of the offense and did not constitute prosecutorial misconduct. The court did not err in overruling the objection.

■ The defendant has submitted pro se a petition requesting permission to file a belated amendment to the appellate brief and requesting a hearing on claims of violations of the Indiana Constitution and statutes, and of the Constitution of the United States and the federal rules of criminal procedure.

This petition was not filed within the time limits set by our Rules of Appellate Procedure and none of the specifications set out in it was raised by the motion to correct error. One issue, whether the defendant was arrested without sufficient probable cause, was raised by a supplemental motion to correct error, which was denied.

We decline to grant leave to amend the brief in this case. The petition is more properly a belated motion to correct error under Ind.R.P.C. 2, § 1, which is addressed to the trial court.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.