**Susan YOUNG, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–882A195.**

Court of Appeals of Indiana,
Third District.

March 23, 1983.

Rehearing Denied May 4, 1983.

Jerrald A. Crowell, Joseph W. Ruppert, Bowman, Crowell & Teeters, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial, Susan Young was convicted of prostitution[1] for performing sexual intercourse with James Brower in return for money. Young appeals, asserting that the trial court erred in refusing to instruct the jury regarding the statute proscribing patronizing a prostitute[2] and dis-

1. IC 1976, 35–45–4–2 (Burns Code Ed., Supp. 1982).

2. IC 1976, 35–45–4–3 (Burns Code Ed., Supp. 1982).

criminatory enforcement of the law as a denial of equal protection.

Affirmed.

Officer Charles Dennis of the Fort Wayne Police Department asked James Brower to assist in an investigation of prostitution activities in Fort Wayne. On March 25, 1981, Brower met with Dennis and Indiana State Police Officer Brooks Mounsey. He was equipped with a tape recorder, given $55.00, and sent to the Kingdom Massage Parlor in Fort Wayne. At the massage parlor, Brower encountered Susan Young. Young told him that a massage cost $20.00 plus a tip and that the usual tip was $20.00. Young and Brower went into a small room after agreeing that he would be satisfied for $40.00. They removed their clothes and engaged in sexual intercourse. Brower did not receive a massage, but Young urged him to return and told him the prices for other sexual services. After paying $40.00 to Young and spending $3.00 for something to eat, Brower returned $12.00 to the police.

On appeal, Young contends that the trial court erroneously refused her tendered instructions numbered 4 and 5. Error in refusal to give a tendered instruction is determined by a three-part test:

"(1) Whether the tendered instruction correctly states the law; ... (2) whether there is evidence in the record to support the giving of the instruction ... (3) whether the substance of the tendered instruction is covered by other instructions which are given...."

*Richey v. State* (1981), Ind., 426 N.E.2d 389, 395 (citations omitted). Defendant's tendered Instruction No. 4 reads:

"I instruct you that on the date of the alleged offense there was a statute of the State of Indiana which provided in pertinent part as follows:

A person who knowingly or intentionally pays, or offers or agrees to pay, money or other property to another person;

1. For having engaged in or on the understanding that the other person will engage in, sexual intercourse or deviate sexual conduct with the person or with any other person ... commits patronizing a prostitute, a Class A misdemeanor."

Tendered Instruction No. 5 provides:

"The Fourteenth Amendment to the Constitution of the United States provides as follows:

All person [*sic*] born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which will abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

In this case the defendant has raised issue as to whether or not she has been denied the equal protection of the laws of the State of Indiana. I instruct you that even though the statute with which she is charged does not facially deny equal protection, a constitutional issue is presented if it has been unequally or discriminatorily enforced. While the State has discretion as to the institution of criminal prosecutions and as to the cases it will prosecute such discretion must be exercised in good faith and in accordance with established principles of law, fairly, wisely and with skill and reason. A statute should not be applied with an unequal hand so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights or there is a denial of equal justice.

Therefore, if you find that the defendant has been denied the equal protection of the law by reason of the fact that the statute has been unequally or discriminatorily enforced you should find the defendant not guilty."

Young argues that the theory of her defense in this action was that she was denied equal protection under the laws. She asserts that, because she was prosecuted for her conduct and Brower was neither prose-

cuted nor granted immunity for the same conduct, the laws were being discriminatorily enforced. There is no basis in the record for giving these instructions; therefore, the trial court did not err in refusing to do so.

 First, the trial court had no duty to instruct the jury regarding the question of constitutionality. In *Taylor v. State* (1981), Ind., 420 N.E.2d 1231, 1233, our Supreme Court considered whether a trial court erred in refusing two instructions, similar in form to Young's tendered Instruction No. 5, which attacked the constitutionality of a statute.[3] The court stated that, although defense counsel may argue the constitutionality of a statute to the jury, the trial court is not required "to inform the jury of defense counsel's theory of the constitutionality of the laws at issue" by giving instructions. *Id.*

 Second, the record does not demonstrate that prosecutorial discretion has been exercised in a manner denying Young equal protection. Young's constitutional right to equal protection was not violated by the prosecutor's decision to prosecute her or by his decision not to prosecute Brower. *Cf. Worthington v. State* (1980), Ind.App., 409 N.E.2d 1261, 1267 (*trans. denied*):

> "(A defendant's constitutional right to equal protection of the laws is not violated by the prosecutor exercising discretion in deciding to prosecute or not to prosecute a violation of a criminal statute.)"

The failure to prosecute one who may be violating a law does not excuse a violation by another, absent a showing of "bad faith or evil design." *Highland Sales Corp. v. Vance* (1962), 244 Ind. 20, 186 N.E.2d 682, 689; *Lee v. State* (1979), Ind.App., 397 N.E.2d 1047, *cert. denied,* 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245. An assertion that a witness for the State committed a crime and was not prosecuted does not show a denial of equal protection.[4] *See United*

States v. Niemiec (7th Cir.1980), 611 F.2d 1207, 1209.

There was no basis in the record for issuing Young's tendered instructions; therefore, the trial court did not err in refusing to do so.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

---

**3.** The issue in *Taylor* was the constitutionality of the statute on its face; Young's attack is on the constitutionality of the statute as applied. That distinction is not significant in this context.

**4.** We also note that, although the record contains evidence that neither Brower nor Dennis thought Brower had done anything wrong, there is no evidence regarding either a failure to prosecute Brower or a failure to grant him immunity.